(No. 1692, November 30, 1914.)

ELFEGO BACA, Appellant, vs. CITY OF ALBUQUER-
QUE, Appellee.

### SYLLABUS BY THE COURT.

1.   Section 1, Chapter 67, S. L. 1905, construed: Held that
such section does not relieve the member or officer of such
corporation from liability for tortious acts done by him, in
the discharge of his official duties, and cast such liability
upon the city, unless such tortious act is done by  authority
of such corporation, or in execution of its orders.

P. 474

Appeal from District Court, Bernalillo County; Herbert
F. Raynolds, Presiding Judge.   Affirmed.

VIGIL & JAMISON, for Appellants.

Allegations of complaint.   Abbott on Civ. Jur. Trials,
pp. 152, 153; N. Y. 398; 42 N. Y. Supp. 326; 103 U, S.
261; 78 N. J. L. 692; Sec. 1, Chap. 67, L. 1905; 23 A. &
E. Enc., 1st Ed., p. 309; 139 Fed. 961; 110 Mo. 254; 32
U. S. App. 513; 88 Fed. 435; 85 Fed. 27-34; 3 Neb. 17;
23 A. & E. Enc., 1st Ed. 412; 2 Lewis' Sutherland on Stat.
Const. 911; 28 S. E. 43.

JOHN C. LEWIS, for Appellee.     .

Principle universally adopted and approved in courts of
this country.   Dillon on Mun. Corp., 5th Ed., 4, 2893; 51 ·
Cal. 52; 38 Conn. 225; 107 Ill. 334; 161 Ala. 427; 132 N.
Y. App. Div. 394; 123 Wis. 172; 16 Gray (Mass.) 297;
62 N. Y. 160; 5 Lea (Tenn.) 685; 78 Me. 118; 63 Md.
336; 56 Vt. 228; Sec. 1, Chap. 67, L. 1905.

### OPINION.

ROBERTS, C. J.—Appellant instituted this suit in
the court below against the appellee, the City of Albuquer-
que, to recover the sum of five thousand dollars alleged to
be due by reason of damages done appellant's person and
property, through the careless and negligent driving of a
fire wagon belonging to defendant and driven by agents

of the appellee, in responding to a fire alarm. Appellee did not demur to the complaint, but filed an answer denying many of the allegations of the complaint, and alleged contributory negligence on the part of appellant. To this answer plaintiff replied, denying all the affirmative allegations thereof. Upon the issue so framed the cause proceeded to trial to a jury. Upon the conclusion of appellant's opening statement, the court instructed the jury to return a verdict for the appellee, upon the theory that appellant, neither by his opening statement of facts nor his complaint, presented facts sufficient to constitute a cause of action. Upon the verdict so returned, judgment was entered dismissing the complaint, from which this appeal is prosecuted.

The only question involved in this appeal is the proper construction of Section 1, Chapter 67, S. L. 1905, which reads as follows:—

"No personal action shall be maintained in any court of this Territory against any member or officer of any municipal corporation in this Territory for any tort or act done or attempted to be done by such member or officer, when done by authority of such municipal corporation or in execution thereof; in all such cases the municipal corporation shall alone be responsible; and any such member or officer may plead the provisions of this act in bar of such action, whether the same be now pending or hereafter commenced."

Appellant admits, that under the common law, he could not maintain this action against the city, but he contends that the above quoted statute makes the city liable, in all cases, and under all circumstances, for any tortious act done by a city official or employe, when such officer or employe is acting in his official capacity, for such city. In other words, it is his contention that the above statute takes away his remedy against the city employe driving the wagon in question, and makes the city liable to him for the acts of such driver, in this case. We do not believe the language of the statute justifies such a construction. The act says the member or officer shall not be liable for any tort or act done or attempted to be done by

such member or officer, "when done by authority of such municipal corporation or in execution of the orders 1 thereof". This we think exempts the member or officer from liability, and casts the same upon the city only in those cases where the tortious act was done by authority, or in execution of the orders of the municipal corporation. For illustration, suppose the city council should instruct the chief of police to tear down a building, or to close a ditch, and pursuant to such order he should do so. In such a case the statute says he shall not be individually liable for such act, but that the liability shall rest upon the city. The city authorizes the closing of a street, and under such authority the marshal proceeds to do so. The marshal would not be liable, as he acted under the authority of the city, but the city would be liable under the statute, if damages were recoverable. The statute does not undertake to change the common law rule, except in those cases where the specific tortious act was done under direction of the city, or by its authority.

As appellant does not contend that the city would be liable, independent of the statute, no further discussion of the case is necessary. For the reason stated, the judgment of the district court will be affirmed, and, IT IS SO ORDERED.

### SYLLABUS BY THE COURT.

