WILLIAM WEIR, RESPONDENT, v. GEORGE J. McEWAN ET AL., APPELLANTS.

Submitted December 4, 1919—Decided March 2, 1920.

1. In an action of libel on the question of punitive damages, evidence, which tends to negative the charge of actual malice is competent. In this case it was competent to prove that one of the defendants was active in civic reform, as tending to negative malice. The right to recover punitive damages rests upon the wrongful intent to injure, that of compensation, on the actual injury suffered.

2. Under *Pamph. L.* 1898, *p.* 476; 2 *Comp. Stat.*, *p.* 1815, in every civil action for libel against the owner of a newspaper, unless the plaintiff shall prove malice in fact, he shall recover only his actual damages proved. The distinction between implied malice, in an action of libel, and express malice or malice in fact, pointed out.

3. In a joint action, where one of the tort-feasors is responsible only for compensatory damages and the other for compensatory and punitive damages, there can be a joint verdict, only for compensatory damages.

---

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellants, *Robert H. McCarter* and *Arthur F. Egner.*

For the respondent, *Frederick K. Hopkins.*

The opinion of the court was delivered by

BLACK, J. This was a libel suit. The trial resulted in a judgment against both defendants, the defendant McEwan, who wrote the alleged libel, and the defendant Anzer, who published it. The newspaper was known as Dixie Anzer's Hudson News. Anzer was the owner and publisher. The defendants file sixteen grounds of appeal, alleging trial errors. We think there was error in the trial, first in the exclusion of legal evidence and second in the charge of the court to the jury.

A witness, Mr. Charles Fall, who at the time of the trial was a member of the Hudson County Citizen's Federation, was asked this question, which was excluded by the court: "*Q.* Have you by that means become acquainted with the activities of Mr. McEwan in Civic reform?" An exception was entered. This was excluded by the court, on the ground that it was foreign to the issue. It is argued by the respondent, that if error, it was cured by the testimony of Mr. McEwan himself, when on the stand answering in substance the question. But in view of the claim made in the case for punitive damages, this evidence is legal, if for no other reason than to negative the charge of actual malice involved in the claim for punitive damages. We think this is the sound view. Punitive damages depend upon motive or intent, a claim for punitive damages may be defended against by proof of lack of ill-will or malice. *Knowlden* v. *Guardian, &c., Publishing Co.,* 69 *N. J. L.* 670. The right to recover punitive damages rests primarily upon the single ground of wrongful motive. *Neafie* v. *Hoboken Printing, &c., Co.,* 72 *Id.* 340; *Haines* v. *Schultz,* 50 *Id.* 481.

The right to punitive damages rests upon the wrongful intent to injure, and that of compensation on the actual injury suffered. *Garrison* v. *Robinson,* 81 *N. J. L.* 497.

The act *Pamph. L.* 1898, *p.* 476, *Comp. Stat., p.* 1815, provides, in every civil action for libel against the owner of any newspaper unless the plaintiff shall prove malice in fact, he shall recover only his actual damages proved and specially alleged. The judge at the trial charged the jury thus: "In a legal sense malice used in this connection is a wrongful act done intentionally without just cause or excuse. If the evidence satisfies you that there was actual malice, then you may also allow punitive damages as well as damages to compensate the plaintiff for his injury." The court, nowhere, in the charge drew a distinction between legal malice, so called, and malice in fact or actual malice. In order to recover against the defendant Anzer, the publisher of the alleged libel, punitive damages under the above statute, it was necessary for the plaintiff, as pointed out by Judge Vann in the New York Court of Appeals, to furnish evidence of express malice, or malice in fact, as distinguished from malice implied. Implied malice, in an action for libel, consists in publishing, without justifiable cause, that which is injurious to the character of another. It is a presumption drawn by the law from the simple fact of publication. Express malice consists in such a publication from ill-will, or some wrongful motive, implying a willingness or intent to injure, in addition to the intent to do the unlawful act. It requires affirmative proof, beyond the act of publishing, indicating ill-feeling, or such want of feeling as to impute a bad motive. It does not become an issue, when the article is libelous on its face, unless punitive damages are claimed. *Krug* v. *Pitass,* 162 *N. Y.* 154; *Philadelphia, &c., Railroad Co.* v. *Quigley,* 62 *U. S.* 202. The jury was not instructed as to these elements of malice in fact or actual malice, nor was it pointed out to them in the charge, that there might be actual malice on the part of one defendant McEwan and not in the case of the other defendant Anzer. This was especially prejudicial to the defendant Anzer, in view of the instruction to the jury, that the verdict would go against both defendants in one sum.

We think this was error. As the verdict was against both defendants, perhaps we should say, a joint action, when one

of the tort-feasors is responsible only for compensatory damages, and the other for compensatory and punitive damages, there can be a joint verdict only for compensatory damages. The rule is, that only such damages for which they are jointly liable can be recovered from joint tort-feasors, by a joint verdict. *Krug* v. *Pitass, supra; Haines* v. *Schultz,* 50 *N. J. L.* 481. The judgment of the Hudson Circuit Court is reversed and a *venire de novo* awarded.