HARRY ROTMAN, TRADING AS H. ROTMAN & COMPANY, PLAINTIFF-APPELLANT, v. DAVID LEVINE, SAMUEL HARKAVY AND FRED KOLBER, DEFENDANTS-RE-SPONDENTS.

Submitted October 19, 1943—Decided January 27, 1944.

For the plaintiff-appellant, *Joseph Coult.*

For the defendants-respondents, *Harkavy & Lieb.*

The opinion of the court was delivered by

PORTER, J. The plaintiff-appellant has a judgment against two of the defendants-respondents in money damages but appeals from the judgment of nonsuit entered by the trial court as to the respondent, Kolber, and also from the judgment striking one of the counts of the complaint.

The plaintiff-appellant, Rotman, is a manufacturer and dealer in store fixtures. He sold a butcher shop equipment in January, 1939, to one Merlino on a conditional sale agreement calling for monthly payments on account of the purchase price. Merlino engaged in business in West Orange in a store premises rented from the owner, David Levine.

He made but one monthly payment to Rotman and then abandoned the fixtures. In February, 1939, Rotman found that the store was closed, that it was for rent and that the fixtures had been left there. He then turned the matter over to his attorney who communicated with the agent of the Levine property and who kept in touch with him until November, 1939. Demand for possession of the fixtures was made on Levine. It seems apparent that the fixtures were allowed to remain there for the benefit of both the landlord and Rotman to the end that the property might rent more readily as a butcher shop with fixtures installed, in which case Rotman might sell them to the prospective tenant. In any event it is clear that Rotman had the right to the possession of the fixtures, title being in him. Nor does it appear that there was any relationship of landlord and tenant between Rotman and Levine. Levine alleged an implied agreement by Rotman for rent for the period the fixtures were stored in his premises and filed a counter-claim for the reasonable rental. The jury found against the counter-claim to which no appeal was taken. Possession of the fixtures was refused Rotman by Levine and on November 22d, 1939, the latter engaged Samuel Harkavy, defendant, as his bailiff to bring distress proceedings for rent he claimed to be due from Rotman. The distress proceedings were carried through and the chattels sold for $125 to the defendant Kolber, the highest bidder at the sale. It is conceded by defendants that the distress proceedings were invalid because Harkavy, who was a sergeant-at-arms of the Second District Court of Newark, administered the oath to the appraisers as such and was without authority to do so. *Grimbalis* v. *Stelling*, 126 *N. J. L.* 82; 18 *Atl. Rep.* (*2d*) 412.

The complaint was in five counts. The first four were based on trespass and conversion against defendants, Levine, Harkavy and Kolber. The fifth was based on the assumption of a landlord and tenant relationship between Levine and Rotman and alleged a wrongful and illegal distraint by Levine and Harkavy by reason of the failure to have the chattels appraised by duly sworn appraisers. Upon motion the trial court nonsuited as to this count upon the opening

of counsel for the plaintiffs. No allegation was made therein of any relationship of landlord and tenant. Inconsistent theories may be advanced in an action, but where a party with full knowledge of the facts chooses to pursue a certain remedy he will be bound by his election. *Hurbanis* v. *Schultz*, 128 *N. J. Eq.* 215; 15 *Atl. Rep.* (*2d*) 886. Counsel's opening to the jury must contain a statement of the facts relied on, and a nonsuit is proper if it is clearly evident that no recovery may be had on any one or more of the counts pleaded. *McCourt* v. *Public Service Co-ordinated Transport*, 122 *N. J. L.* 419; 5 *Atl. Rep.* (*2d*) 734; *Home Loan Co.* v. *Scanlon*, 120 *N. J. L.* 544; 1 *Atl. Rep.* (*2d*) 23; *Berkman* v. *Cohn*, 111 *N. J. L.* 229; 168 *Atl. Rep.* 290. We think the opening showed an election of remedies and that it was clear that no recovery could be had under this count. The granting of the nonsuit, therefore, was not error.

At the close of the plaintiff's case the court granted a nonsuit as to defendant Kolber. It is the plaintiff's contention that a factual question was presented on the proofs as to Kolber's liability and that the granting of the nonsuit constituted reversible error. We are in accord with that contention. We think the trial court was right in the conclusion that there had been a conversion of these chattels by both Levine and Harkavy as a matter of law, and consequently there was no error in granting the plaintiff's motion for a direction of verdict against them.

However, there was testimony from which the jury might have found against Kolber also. When Kolber purchased at the sale, he did so with full knowledge of the fact that Rotman had retained title when the conditional sale agreement was made with Merlino and that Merlino had defaulted. Indeed he acted as an appraiser in the distress proceedings at Harkavy's request. Moreover, after he had purchased the chattels at the sale and before he had removed them from Levine's property or sold them, when asked for information concerning the status of the same by plaintiff's attorney he refused all information with the remark that "it was none of your business." He later sold the goods and delivered them to his purchaser free and clear of any liens. He exer-

cised dominion over the chattels inconsistent with and in repudiation of the owner's right. Such acts constituted conversion. *Frome* v. *Dennis,* 45 *N. J. L.* 515. Acting as he did throughout, with full knowledge of the facts and of Rotman's claim of title, it was for the jury to say whether he acted in concert with Levine and Harkavy and was guilty with them of an act of conversion.

The final question to consider is the propriety of the trial court's ruling and charge to the jury restricting recovery to compensatory damages only. It was the theory of the plaintiff at the trial, and it is contended here, that he was also entitled to punitive damages because the defendants were activated by malice in their wrongful act of conversion. A careful review of the proofs leads us to the conclusion that there is no testimony that spells out malice or any from which malice might properly be inferred. On the contrary, the defendants appear to have acted upon advice of counsel and in the belief that the relationship of landlord and tenant existed between Rotman and Levine and that the distress proceedings were valid and to be relied on. Exemplary or punitive damages might only be recovered where there was malice. *Weir* v. *McEwan,* 94 *N. J. L.* 92; 109 *Atl. Rep.* 355. In the absence of any proof of malice the trial court was right in restricting recovery to compensatory damages.

The judgment of nonsuit in favor of defendant Kolber will be reversed; otherwise the judgment is affirmed, without costs.

As to nonsuit in favor of respondent Kolber—
*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

As to other questions—
*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.