147 P.2d 814

TAYLOR v. CITY OF ROSWELL.

No. 4821.

Supreme Court of New Mexico.

April 6, 1944.

Frazier & Quantius, of Roswell, for appellant.

H. C. Buchly, of Roswell, for appellee.

MABRY, Justice.

Appellant sues the City of Roswell alleging assault without justification by one of the police officers of the city "in the presence and with the approval of a member of the city council who also was a member of police committee of the council." The city moved for dismissal upon the ground that the city is not responsible for the actions of a police officer under the circumstances pleaded. The motion was sustained, the complaint dismissed and appellant appeals.

There is only one assignment of error, viz., "The complaint states a cause of action and the district court erred in dismissing it". Appellant seems not to contend that under the common-law rule liability would attach, but his contention is that the city is liable under the New Mexico statute. The statute in question (1941 Comp.Laws, sec. 14-1611) reads:

"No personal action shall be maintained in any court of this state against any member or officer of any municipal corporation in this state for any tort or act done, or attempted to be done, by such member or officer, when done by authority of such municipal corporation, or in execution of the orders thereof; in all such cases the municipal corporation shall alone be responsible; and any such member or officer may plead the provisions of this section in bar of such action whether the same be now pending or hereafter commenced."

The question presented is whether a municipality is liable for an assault of its officers when making an arrest or when otherwise dealing with a person where it is not charged that such assault was committed by authority of such municipality or in the execution of its orders. The appellee contends that no liability attaches for such unlawful act of its police officer unless positively authorized by such municipality, and that the fact that the assault occurred in the presence, and with the approval, of one member of the city council would not meet the requirement that it be "authorized". Appellee City acts by authority of its governing board, not through any one member, and there is

nothing to show that in this case the council was itself acting or authorizing any such act. We need not say what would have been the result had the entire council, the governing body, witnessed and "approved" the alleged assault. That inquiry is not presented. We believe the question is settled by the case of Baca v. City of Albuquerque, 19 N.M. 472, 145 P. 110.

Appellant concedes that what he is here contending for might be construed as contrary to our holding in that earlier case, but he suggests that we should, under the circumstances, have a more liberal construction of the statute than was there employed. The Baca case, he believes, to be distinguishable because the case at bar presents the question of an intentional tort, whereas in the Baca case the injury resulted from mere negligence. We cannot agree with the contention that there should be made the distinction urged.

The statute in question was considered in the Baca case, and we there observed:

"Appellant admits that under the common law he could not maintain this action against the city, but he contends that the above quoted statute makes the city liable, in all cases and under all circumstances, for any tortious act done by a city official or employe, when such officer or employe, is acting in his official capacity, for such city. * * * We do not believe the language of the statute justifies such a construction. The act says the member or officer shall not be liable for any tort or act done or attempted to be done by such member or officer, 'when done by authority of such municipal corporation or in execution of the orders thereof.' This, we think, exempts the member or officer from liability, and casts the same upon the city only in those cases where the tortious act was done by authority, or in execution of the orders of the municipal corporation. For illustration, suppose the city council should instruct the chief of police to tear down a building, or to close a ditch, and pursuant to such order he should do so. In such a case the statute says he shall not be individually liable for such act, but that the liability shall rest upon the city. The city authorizes the closing of a street, and under such authority the marshal proceeds to do so. The marshal would not be liable, as he acted under the authority of the city, but the city would be liable under the statute, if damages were recoverable. The statute does not undertake to change the common-law rule, except in those cases where the specific tortious act was done under direction of the city, or by its authority."

We are of the opinion that the judgment of the trial court was correct and should be affirmed.

And, it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.