WILLIAM H. WILSON, PLAINTIFF-RESPONDENT, v. CARMINE SAVINO, JR., INDIVIDUALLY AND TRADING AS COMMERCIAL LEADER AND THE SOUTH BERGEN REVIEW, AND ALSO TRADING AS THE COMMERCIAL LEADER PRINTING COMPANY, JOHN SAVINO AND GUY SAVINO, DEFENDANTS-APPELLANTS.

Argued May 26, 1952—Decided June 16, 1952.

*Mr. Harold H. Fisher* argued the cause for the appellants (*Mr. Richard J. Congleton,* of counsel; *Messrs. Shanley, Congleton & Fisher,* attorneys).

*Mr. Harry Green* argued the cause for the respondent (*Mr. Samuel Heller,* attorney).

The opinion of the court was delivered by

BURLING, J.   This is a libel suit instituted by the plaintiff, William H. Wilson, in the Superior Court, Law Division, against Carmine Savino, Jr., John Savino and Guy Savino, defendants, all of whom are more or less interested in a

newspaper known as the *Commercial Leader and The South Bergen Review*, published weekly and circulated in Bergen County, New Jersey. At the close of the trial, the trial court granted plaintiff's motion for judgment as to liability of the defendants, and subsequently the jury rendered its verdict as to damages. From the resulting judgment the defendants appealed to the Superior Court, Appellate Division. Prior to hearing there, certification was allowed by this court upon our own motion.

The plaintiff's amended complaint asserts the libelous character of three articles published in the aforesaid *Commercial Leader and The South Bergen Review*, the publication dates being respectively October 5, 1950, October 19, 1950, and October 26, 1950. In the pretrial order it was stipulated and agreed that the text and publication date of each article was as set forth in the amended complaint, and that there had been no request for retraction thereof. The gist of each of the articles in question, was the charge that the plaintiff, Wilson, as a member of the board of education, awarded or caused to be awarded certain school contracts to one Scalera, asserted in the articles to be Wilson's employee, and that Wilson was directly or indirectly interested in the contract awarded to Scalera, a violation of the school laws. The plaintiff's action was instituted against the three defendants, Carmine Savino, Jr., John Savino and Guy Savino. Plaintiff alleged that Carmine was the publisher and owner of the newspaper in which the articles complained of were printed, that John was the editor and that Guy was the "author" of the articles. The defendants by their amended answer, admitted that John Savino was the editor and publisher of the newspaper and denied the allegations of the amended complaint as to Carmine's connection with the newspaper and as to Guy's authorship of the specific articles. They asserted the defense of truth and denied malice, the defense that the articles were not libelous and the defense that the articles were privileged. The pretrial order made no further limitation of the issues, but did contain defendants' assertion

that John Savino was editor, publisher and owner of the newspaper, and that he wrote the articles in question. At the close of the trial, counsel for plaintiff moved for judgment in his favor as against the defendants for liability. The trial court granted judgment in favor of the plaintiff and against the defendants, Carmine Savino, Jr., individually and trading as *Commercial Leader and The South Bergen Review* and also trading as The Commercial Leader Printing Co., John Savino and Guy Savino, as to liability, and submitted the issue of damages to the jury. The jury returned a unanimous verdict of $6,000 in favor of the plaintiff and against the defendants as above described. Judgment was accordingly entered in favor of the plaintiff and defendants appealed therefrom to the Superior Court, Appellate Division. Prior to hearing there certification was allowed by this court on our own motion as hereinbefore noted.

The principal questions involved in this appeal include the following: (1) whether the trial court erred in granting plaintiff's motion for judgment (as to liability), in that it thereby prevented jury consideration of the issue of truth of the articles in question; (2) whether the trial court erred in granting plaintiff's motion for judgment (as to liability) against Carmine Savino, Jr., as owner and publisher, and against Guy Savino as author of the article in question; and (3) whether the trial court erred in rulings on admissibility of evidence.

The initial question involved concerns the defendants' assertion that the trial court erred in failing to submit the defense of truth to the jury. We find no error in this respect. It is obvious that the articles in question were libelous *per se*. At the times of the publication of the articles, *R. S.* 2:160–8 provided that a member of any Board of Education "* * * who shall: * * * Be directly or indirectly concerned in any agreement or contract for the construction of * * *" any building or improvement to be made for public use or at public expense, shall be guilty of a misdemeanor, and *R. S.* 2:160–9 provided for forfeiture of office upon convic-

tion for violations such as were contained in *R. S.* 2:160–8. It is settled that articles which reflect upon the integrity of a public official by charging him with the commission of a crime are libelous *per se. Rogers v. Courier Post Co.,* 2 *N. J.* 393, 399 (1949); *Kelly v. Hoffman,* 137 *N. J. L.* 695, 697 (*E. & A.* 1948). The defense of truth of a publication of the nature here involved must be pleaded fully and as to every particular (see *Rule* 3:8–3) and must be strictly proved to be availed of. *Merrey v. Guardian Pub. Co.,* 79 *N. J. L.* 177, 183 (*Sup. Ct.* 1909), affirmed 81 *N. J. L.* 632 (*E. & A.* 1911); *Hartley v. Newark Morning Ledger Co.,* 134 *N. J. L.* 217, 219–220 (*E. & A.* 1946). The October 19, 1950, and October 26, 1950, publications in this case not only charged plaintiff with interest in a contract awarded to Scalera, but also charged that plaintiff awarded the contract to him. The defendants in their amended answer did not plead the truth of this particular charge and the evidence introduced at the trial showed that the entire board of education of nine members awarded the contract by unanimous action. However, in all three articles the plaintiff was charged with interest in the contract awarded to Scalera which if true would have constituted a violation by plaintiff of *R. S.* 2:160–8, *supra,* but the defendants neither strictly pleaded nor strictly proved such interest. However, defendants asserted that Scalera was an employee of plaintiff at the time the contract was awarded, that this was sufficient showing of "interest," and that the truth of this allegation was proved. Assuming but not deciding that employment by a board member of the individual to whom the board awards a contract would constitute "interest" indirectly or otherwise on the part of the board member, it was not proved here. The defendant introduced evidence in two categories in this respect. First, the proofs were that Scalera had previously worked for plaintiff both as an employee and as a subcontractor. Assuming that this is true, it does not follow that, as argued by the defendants, a presumption arises that Scalera was in plaintiff's employ at the time the board of education contract was

awarded to him. As hereinbefore stated, truth must be strictly proved and it is our opinion on the evidence in this case that the defendants are not entitled to the benefit of such a presumption. Defendants further argue, however, that Scalera at a public meeting at which Wilson projects were discussed failed to deny that he was a Wilson employee when a public official so asserted, and that at the same meeting Scalera stated in plaintiff's presence, and without denial by plaintiff, that he was plaintiff's foreman. Assuming the testimony in this respect to be true, it appears on settled principles of law to be of no avail to the defendants to prove the employment. "A mere statement, made by an agent out of court, that he is the agent of another, is, of course, not evidential, but it is elementary that his agency may be proven by his own oath on the witness stand." *Leonard v. Standard Aero Corp.*, 95 *N. J. L.* 235, 237 (*E. & A.* 1920). Compare *Hansen v. Eagle-Picher Lead Co.*, 8 *N. J.* 133, 145 (1951); *Ryle v. Manchester Building and Loan Association*, 74 *N. J. L.* 840, 845 (*E. & A.* 1907). It is further observed that among the charges contained in the articles was the statement "Wilson has used his own building jobs as the chief source of employment for school projects." Of this charge we find not even a scintilla of proof. As hereinbefore stated, we are of the opinion that the trial court did not err in withdrawing the issue of truth of the libelous articles from the jury.

The second question involved is whether the trial court erred in entering judgment as to liability against Carmine Savino, Jr., and Guy Savino. In this respect the trial court erred.

The plaintiff asserted that Carmine Savino, Jr., was owner and publisher of the newspaper. Carmine testified that he purchased the business in 1938 and operated it up to 1950, but conveyed his title and interest to his brother John although he did not execute a bill of sale therefor; he testified the price at which he valued the business was $30,000, and that John paid him $3,000 in cash and "has been paying me

approximately $3,000.00 a year since, or intends to"; that at the time of the trial John owed him a balance of $21,000. It was stipulated that Carmine was "financial owner," and "exercised financial control and intends to exercise financial control for at least a few more years" because the newspaper was indebted to him. Carmine's own testimony corroborated this. Although we may be inclined to agree with the plaintiff that the evidence adduced in this case would support a jury verdict against Carmine, we cannot say that *no* legitimate inference to the contrary could be drawn by reasonable men from the same evidence. It is settled that on a motion for judgment the trial court cannot weigh the evidence but *must accept as true* all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. And it follows that the question as to the nature and character of this individual defendant's connection with the newspaper under the circumstances of this case should have been left to the jury. *Cf. Faulkner v. Martin,* 133 *N. J. L.* 605, 607 (*E. & A.* 1946).

Upon the same principles the trial court's failure to leave to the jury the question of Guy Savino's authorship to the jury was error. Guy testified that he had assembled the material and turned it over to his brother John Savino, but that he neither wrote nor assisted anyone else in writing the articles in question. He did testify that he wrote other articles relating to plaintiff (but not the subject of the complaint). There was no direct evidence that Guy wrote the articles in question and whether Guy was the author thereof, as alleged in the complaint and pretrial order, was a matter of weight of the evidence, to be left to the jury to determine.

The next question involved is whether the trial court erred in failing to differentiate between the three defendants in the charge to the jury on the question of damages, and in failing to instruct the jury to find separately as to compensatory and punitive damages. Under the circumstances of

this case the trial court committed prejudicial error. Where express or actual malice is asserted, and awards of punitive damages are to be considered, the jury should be instructed to determine the liability for punitive damages of each of several defendants separately, and in this case the jury should not have been directed to include both compensatory and punitive damages in one award. Compare *Hoffman v. Trenton Times,* 17 *N. J. Mis. R.* 339, 341-342 (*Sup. Ct.* 1939), affirmed 125 *N. J. L.* 450 (*E. & A.* 1940). It follows that the punitive damages to be assessed by the jury might differ as to each defendant and therefore the jury should have been instructed to render separate verdicts as to compensatory and punitive damages. If all defendants are liable their responsibility for compensatory damages is joint, but their liability for punitive damages is several. Only such damages for which they are jointly liable may be recovered from joint tortfeasors by a joint verdict. *Weir v. McEwan,* 94 *N. J. L.* 92, 94-95 (*Sup. Ct.* 1920). *Cf.* 33 *Am. Jur., Sec.* 306, *p.* 290. *McCurdy v. Hughes,* 63 *N. D.* 435, 248 *N. W.* 512, 87 *A. L. R.* 683, 695 (*N. D. Sup. Ct.* 1933).

The plaintiff contended before this court that the defendants did not present these questions to the trial court nor note that fact in their brief on appeal. Defendants assert that they raised the questions at the trial when they objected to the trial court's failure to charge their request No. 17, which was framed as follows:

"17. If you find the defendants have libeled the plaintiff, you are to determine against which of the defendants malice in fact has been proven and assess damages accordingly."

Under the circumstances of this case we are of the opinion that the trial court was in error in instructing the jury to bring in a verdict in one amount, particularly in view of the jury's request for additional instructions in this connection. The trial court was sufficiently apprised of defendants' objection in this respect by their objection to

his failure to charge request No. 17, even though that request may have been technically incorrect in view of the fact that the issue of liability previously had been removed from the consideration of the jury.

The remaining questions involved on this appeal concern the admissibility of evidence. Although there may have been error in some respects in the trial court's rulings on evidence, we find no ruling that injuriously affected the substantial rights of any party to this cause.

In summary, we find that the trial court did not err in removing the issue of truth from consideration by the jury, but erred in removing the issues of ownership by Carmine Savino of the newspaper business involved in this case and of Guy Savino's authorship of the libelous articles published, and in failure to properly instruct the jury as to the form of verdict to be rendered.

The judgment of the Superior Court, Law Division, is reversed and the cause is remanded for further proceedings consistent with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.