279 P.2d 853

**Dale VICKREY, Plaintiff and Appellee,**

**v.**

**Guy DUNIVAN and R. B. Clear, Defendants and Appellants.**

**Dale VICKREY, Plaintiff and Appellant,**

**v.**

**H. F. CARMICHAEL, Defendant and Appellee.**

**No. 5832.**

Supreme Court of New Mexico.

Feb. 1, 1955.

---

Garland & Sanders, Las Cruces, for Dunivan and Clear.

Dale B. Dilts, Albuquerque, for Dale Vickrey.

Edwin Mechem, Las Cruces, for Carmichael.

COMPTON, Chief Justice.

This is an action for damages for illegal imprisonment and malicious prosecution. The cause was tried to a jury which returned its verdict in favor of plaintiff, awarding both actual and punitive damages. Upon consideration of various motions for judgment notwithstanding the verdict, the verdict was set aside as to defendant Carmichael and the motion was denied as to the defendants Dunivan and Clear. Defendants Dunivan and Clear appeal from the judgment against them and plaintiff appeals from the judgment notwithstanding the verdict

The complaint alleges that the defendants entered into a conspiracy to falsely and maliciously prosecute plaintiff for violating a purported ordinance of the Village of Hatch to obtain for the village a fine and cost; and that as a result of such conspiracy, he was illegally charged and imprisoned.

The allegations were put in issue, and as separate defenses, the defendant Dunivan alleges he was a deputy sheriff within and for Dona Ana County, and was acting within the scope of such authority when he arrested plaintiff for committing a misdemeanor in his presence, and that probable cause existed therefor. The defendant Clear alleges he was the duly qualified and acting justice of the peace of precinct 12, Dona Ana County, and that he was acting in his judicial capacity when he issued his warrant for plaintiff's arrest. They also allege that plaintiff entered a plea of guilty to the offense charged.

The defendant Carmichael lives at Garfield, a village ten miles north of Hatch. As he was driving towards his home, he met plaintiff, whom he took to be in an intoxicated condition, driving a truck in a southerly direction; whereupon, he turned around and followed the truck back to Hatch, took its license number and reported the matter to the defendant Dunivan, after which he returned to his home in Garfield. Dunivan held various official positions at the time. He was a deputy sheriff of Dona Ana County, constable of precinct 12, also a policeman of the Village of Hatch. He pursued plaintiff and overtook him some 20 miles south of Hatch. As he followed plaintiff's truck, he noticed that it was swerving, which caused him to believe that plaintiff was intoxicated. He arrested plaintiff and informed him that a charge

had been made against him by Carmichael for drunk driving. Dunivan immediately concluded, however, that plaintiff was not intoxicated and that the swerving of the truck was caused by the unusual load he was hauling.

Plaintiff drove the loaded truck back to Hatch under the direction of the defendant Dunivan, and upon his arrival there, was taken before defendant Clear, who not only held the official position of justice of the peace of precinct 12 but also police magistrate of the Village of Hatch. Defendant Clear also observed that plaintiff was not intoxicated and frankly told him so. They then called Carmichael to come in and sign a complaint. When he arrived, Dunivan and Clear discussed the nature of the charge to be filed, first suggesting driving while intoxicated, then reckless driving, and finally, at the suggestion of Dunivan, decided to charge plaintiff with violating a village ordinance, "driving on the wrong side of the road." The complaint was sworn to by Carmichael before Clear in his capacity as police judge of the Village of Hatch. Plaintiff entered a plea of guilty and was fined $25 and $3.80 cost, the fine going to the village, and the cost to Dunivan. Plaintiff was detained in custody from about 11:30 A.M. until about 3:30 P.M. when he was released upon the payment of the fine and cost imposed. In due time, plaintiff appealed the conviction to the District Court of Dona Ana County, and upon motion of the village attorney, the cause was dismissed and the fine and cost refunded, obviously, for the reason the Village of Hatch did not have an ordinance prohibiting "driving on the wrong side of the road."

The jury awarded actual damages of $175 and punitive damages of $300 against all of the defendants. Proof of the unlawful arrest and imprisonment by Dunivan and Clear, and actual damages resulting therefrom, is adequate. It was necessary for plaintiff to employ the services of an attorney in presenting his appeal to the district court. Also there was a loss of salary for a considerable period due to his unlawful detention.

 It is urged by the defendant Dunivan that he is not liable because he arrested the accused while committing a misdemeanor in his presence. Perhaps there was probable cause for his arrest for violating the state traffic laws, but what took place in the office of the police judge in Hatch is something else, a mere "trumped-up" charge. The testimony is clear that Dunivan suggested that a city case be made against plaintiff, knowing at the time the Village of Hatch did not have an ordinance against "driving on the wrong side of the road." That the fine went to the village and the cost to Dunivan is self-evident as to the plan of operation of these defendants.

 It is contended by defendant Clear that he is immune from liability since

he was acting within the scope of his judicial capacity. No rule is more firmly established than that judicial officers are not liable for the erroneous exercise of judicial powers vested in them; however, such officers are not immune from liability where they act wholly in excess of their jurisdiction. Defendant Clear well knew that the village had no such ordinance. He consulted with the defendant Dunivan as to the nature of the charge to be filed against plaintiff, knowing at the time the complaint did not charge an offense and that the offense for which he was arrested, if any, occurred outside the village. The process issued by him was void on its face. Under such circumstances, it must be held that he acted wholly without jurisdiction.

■■ But the award of punitive damages against Dunivan and Clear calls for a different conclusion. Three forms of verdicts embracing both compensatory and punitive damages were submitted to the jury, one. finding the issues in favor of the plaintiff and against all the defendants, one finding in favor of the plaintiff and against blank defendant or defendants, and one in favor of the defendants. The jury concluded that all of the defendants were culpable and used the first form submitted; and, Carmichael having been released from liability, the joint award for punitive damages against him and his codefendants cannot stand. This becomes obviously so since there is no way of determining the amount the jury considered as appropriate punishment for Carmichael's share in the wrongful conduct for which the punitive damages were assessed. In Landseidel v. Culeman, 47 N.D. 275, 181 N.W. 593, 595, 13 A.L.R. 1339, the court concluded:

"* * * to sustain the judgment for punitive damages, the facts must support the liability of all of the defendants. The verdict charges the defendants with punitive damages in the sum of $3,000, and it cannot be assumed that this verdict would necessarily have been the same if any one of the defendants were not legally answerable for the commission of the wrong for which the punitive damages are assessed. Punitive damages are largely in the discretion of the jury, and they are presumed to be assessed as a measure of punishment for culpable conduct. If any one defendant be not answerable, a joint award of punitive damages against him and his codefendants cannot stand, for there is no way of determining the amount the jury considered as appropriate punishment for his share in the wrongful conduct. * * *"

Where punitive damages are awarded against more than one defendant the amount of such damages must be separately stated as to each, Wilson v. Savino, 10 N.J. 11, 89 A.2d 399; Weir v. McEwan, 1920, 94 N.J.L. 92, 109 A. 355 (Supreme Court); McCurdy v. Hughes, 63 N.D. 435, 248 N.W.

512, 87 A.L.R. 683; Thomson v. Catalina, 205 Cal. 402, 271 P. 198, 62 A.L.R. 235.

■ In Wilson v. Savino, supra [10 N.J. 11, 89 A.2d 403], the court had the following to say:

"* * * Where express or actual malice is asserted, and awards of punitive damages are to be considered, the jury should be. instructed to determine the liability for punitive damages of each of several defendants separately, * * *. It follows that the punitive damages to be assessed by the jury might differ as to each defendant and therefore the jury should have been instructed to render separate verdicts as to compensatory and punitive damages. If all defendants are liable their responsibility for compensatory damages is joint, but their liability for punitive damages is several. *Only such damages for which they are jointly liable may be recovered from joint tort-feasors by a joint verdict. * * *"* (Emphasis ours.)

The case on hand readily distinguishes Miera v. George, 55 N.M. 535, 237 P.2d 102, on the facts.

■ Plaintiff appeals from the judgment dismissing the case as to defendant Carmichael. We fully appreciate the test in passing upon a motion for judgment non obstante veredicto. Michelson v. House, 54 N.M. 197, 218 P.2d 861. Tested by the rule there announced, we think the action of the court was proper. There is neither proof nor reasonable inference to be drawn from the evidence that would support the verdict that Carmichael was a party to the unlawful arrest and detention. On the other hand the proof is abundant that probable cause existed for his acts in reporting plaintiff's conduct to Dunivan. When he met the plaintiff, the truck was weaving from side to side in such a manner that Carmichael stopped his automobile because he thought the vehicles were going to collide. Admittedly, plaintiff was unable to operate his truck properly. The extra weight on the rear caused the front wheels to clear the road and the truck to zig zag, thereby causing a traffic hazard.

An interesting side light was the failure of appellants in their motion for judgment, notwithstanding the verdict, to ask for a new trial as an alternative relief. Nevertheless, the right to so move was equally available to appellee when the case was dismissed as to Carmichael, and had he done so, a remand for a new trial would be warranted. Other questions presented have been considered and we find them not substantial.

The judgment will be affirmed in part and in part reversed. It will be affirmed as to. actual damages and reversed as to punitive damages, with direction to the court to enter judgment against appellants Dunivan and Clear and the sureties upon their supersedeas bond, and it is so ordered.

LUJAN and KIKER, JJ., concur.

SADLER and McGHEE, JJ., concurring in part and dissenting in part.

SADLER and McGHEE, Justices (concurring in part and dissenting in part).

We concur in so much of the majority opinion as affirms the judgment for compensatory damages against defendants, Clear and Dunivan, jointly and severally, and likewise concur in that portion of the majority opinion which disposes of the plaintiff's cross-appeal adversely to him.

We dissent from the majority's refusal to sustain the award of punitive damages against Clear and Dunivan in the sum of $100 each. We have no quarrel with the rule requiring apportionment of punitive damages against joint tortfeasors according to the degree of culpability of each, as stated in Wilson v. Savino, 10 N.J.L. 11, 89 A.2d 399. Indeed, we heartily approve what is there said on the subject. But we disagree with the majority opinion because of its refusal to give effect to the jury's verdict, after proper instructions on the subject, finding the defendants equally culpable by returning a common judgment against them of $300. This verdict, interpreted in the light of the instructions, amounted to an award of punitive damages against each of three defendants in the sum of $100, that is, share and share alike.

A verdict of $300 for punitive damages under instructions that the jury was privileged to award same in varying amounts against the three defendants, or such of them as were found to deserve such an award, prima facie, to say the least, was a finding that the defendants were equally culpable. Being liable severally, but not jointly, the dismissal as to one defendant should leave the verdict stand as to the other two against each of whom the plaintiff is entitled to judgment for $100. Accordingly, we dissent from the failure of the majority opinion to give plaintiff the benefit of the jury's verdict in this particular.