287 P.2d 987

**L. E. CHERRY, Plaintiff-Appellant,**
v.
**T. B. WILLIAMS and W. L. Stroud, Defendants-Appellees.**

No. 5925.

Supreme Court of New Mexico.
Sept. 14, 1955.

William G. Fitzpatrick, Dale B. Dilts, Albuquerque, for appellant.

J. L. Leftow, Lewis R. Sutin, Albuquerque, for appellees.

LUJAN, Justice.

This is an action to recover damages for alleged malicious prosecution against T. B. Williams, and for false imprisonment against W. L. Stroud. Defendants' motion for summary judgment was sustained. Plaintiff appeals contending that the court erred in granting said motion.

On October 18, 1950, T. B. Williams was the duly elected and acting mayor of the city of Truth or Consequences, and W. L. Stroud was the duly appointed and acting Chief of Police of said city. They were not sued in their official capacity but as individuals.

The facts as revealed by the record are in substance as follows: In 1948 the city of Truth or Consequences leased the race track property owned by it to a partnership consisting of Badger and Herring, with the exception of a small piece of land included within the boundaries of said race track that had been leased to the Sierra County Sheriff's posse. On March 8, 1951 the city secured a judgment cancelling the lease but it had been superseded and the case was pending in this court when the arrests were made. The partnership was operated under the firm name of Hot Springs Fair and Race Association. Thereafter the plaintiff became a partner in said enterprise. Sometime later the partnership was incorporated under the same name and plaintiff was one of its stockholders. He was made manager and put in charge of the grounds. He also was a concessionaire and operated a restaurant thereon. His living quarters were at the race track. Horne Brothers' Circus desiring to winter on the race track property contacted the Chamber of Commerce of said city and some members of the Sheriff's posse for permission to winter there. No agreement had been made by the circus with either the city or the corporation in possession of the premises.

On October 18, 1950, the circus arrived at Truth or Consequences and the Sheriff's posse together with the police department escorted it into town and proceeded towards the race track. When the circus caravan reached the race track, the lead car left the highway and proceeded towards the race track gate, but before it reached the same it was stopped by the plaintiff. The remainder of the circus cortege remained stopped on the traveled portion of U. S.

Highway 85. At this time someone telephoned T. B. Williams and asked him to come down to the race track. Within fifteen minutes he arrived, and after viewing the situation called upon W. L. Stroud to arrest plaintiff. As ordered, Stroud arrested him and took him to the police station where he was turned over to police officer Apodaca. Plaintiff was detained at the police station more than three hours until Williams arrived at which time the said Williams filed a complaint against him for resisting an officer. He was later released upon giving a bond in the sum of $500. On October 20, 1950, another complaint was filed against him by Williams, this time charging him with disorderly conduct arising out of the same incident. And on December 15, 1950, still another complaint was filed against him by police officer Joe Whitley, charging him with resisting and ignoring a police demand on October 18, 1950. This complaint was prepared by the Chief of Police, W. L. Stroud. On January 1, 1951, all of these complaints were dismissed by the City Magistrate.

The motion for summary judgment is as follows:

"The defendants respectfully move the Court, pursuant to Rule 56 of the New Mexico Rules of Civil Procedure, for a summary judgment in their favor, and, in support of said motion, the defendants respectfully show the Court that the pleadings, depositions and admissions on file herein, show that there is no genuine issue as to any material fact, and that the defendants are entitled to a judgment as a matter of law."

The order of dismissal reads as follows:

"This matter coming on for hearing this 23rd day of November, 1953, upon the Motion of the Defendants for Summary Judgment and the Court having heard the testimony taken by depositions and the several exhibits introduced into evidence and having heard the arguments of counsel, Finds, that the Motion for Summary Judgment of the Defendants should be granted.

"Therefore, it is ordered: that defendants' Motion for Summary Judgment be and the same is hereby granted and defendants are awarded judgment as a matter of law."

It is to be observed that the motion for summary judgment is based upon the sole ground that there is no genuine issue of material fact presented by the pleadings, depositions and admissions filed. But, the court did not grant said motion on the ground set out therein, for he said in his written opinion:

"I think from these pleadings and depositions that we have a *disputed* issue of fact as to whether this Plaintiff was wrongfully arrested or tortiously arrested or whether there was cause for the arrest and for the wrong-

ful prosecution and I would not pass on those issues and do not pass on them for Motion of Summary Judgment. For the purpose of this opinion, I assume, temporarily at least, that the man was wrongfully arrested and wrongfully prosecuted. And so, for the purpose of this portion of the Opinion at least, I will accept those facts most favorable to the Plaintiff. So, the Plaintiff *has an action* against someone. Now, for his wrongful arrest he has an action either against the two officers, that is the Mayor of the City and the Chief of Police, or he has an action against the City." (Emphasis supplied.)

Thus, it seems clear from the court's observation that there are disputed genuine material issues of fact in this litigation which should have been determined on the merits of the case.

Nevertheless, the court proceeded to a determination of the action on the basis that the plaintiff should have sued the City instead of the defendants as individuals. In his written opinion, he further said:

"So the question is, should he sue these officers personally or should he have sued the city? Now the Statute that controls here is Section 14–1611 NM Statutes Annotated, 1941 Compilation."

Section 14–1611, supra. § 14–17–11 of 1953 Comp., provides:

"No personal action shall be maintained in any court of this state against any member or officer of any municipal corporation in this state for any tort or act done, or attempted to be done, by such member or officer, *when done by authority of such municipal corporation,* or in execution of the orders thereof; in all such cases the municipal corporation shall alone be responsible; and any such member or officer may plead the provisions of this section in bar of such action whether the same be now pending or hereafter commenced."

■■ It is well established in this jurisdiction that a police officer is immune of any responsibility for the commission of any tortious act when done by authority of the municipality, or in execution of the orders thereof; and that the municipality shall alone be responsible for such act or acts. Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609. It is also well established in this state that, when an officer exceeds his official duties and makes an arrest without authority of the municipality, or in execution of orders thereof, he ceases to act in behalf of the city and he assumes the entire responsibility himself. Victims of his action have no civil remedy, except against the individual, and have no right to look to the city for compensation. Taylor v. City of Roswell, 48 N.M. 209, 147 P.2d 814, citing Baca v. City of Albuquer-

que, 19 N.M. 472, 145 P. 110. See, also Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853, 855.

We see no necessity for another opinion on this appeal, but adopt and reaffirm those of this court in the above cases.

It follows that the judgment should be reversed, with costs against defendants, and the case remanded for trial on the merits.

It is so ordered.

COMPTON, C. J., and SADLER, Mc-GHEE and KIKER, JJ., concur.