307 P.2d 186

Ignacio SALAZAR, Plaintiff-Appellee,

v.

TOWN OF BERNALILLO, a Municipal Corporation, Defendant-Appellant.

No. 6098.

Supreme Court of New Mexico.

Dec. 21, 1956.

Catron & Catron, Santa Fe, for appellant.

Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellee.

McGHEE, Justice.

The defendant, Town of Bernalillo, appeals from a judgment rendered against it in favor of the plaintiff, Ignacio Salazar, for $8,000, following trial before a jury.

The decisive question is whether the town is liable in damages for an unusually violent assault committed upon the plaintiff by a deputy marshal of the town acting upon orders of its mayor, by reason of which plaintiff lost the sight of his right eye and suffered other injuries.

If the town has liability, the basis for it must be found in § 14–17–11, N.M.S.A.1953, which provides:

"No personal action shall be maintained in any court of this state against any member or officer of any municipal corporation in this state for any tort or act done, or attempted to be done, by such member or officer, when done by authority of such municipal corporation, or in execution of the orders thereof; in all such cases the municipal corporation shall alone be responsible; and any such member or officer may plead the provisions of this section in bar of such action whether the same be now pending or hereafter commenced."

On the evening of July 26, 1952, a social function was in process at the Azteca Ballroom in the Town of Bernalillo. From time to time some of the participants at this gathering adjourned to the Casa Blanca Bar, which adjoined the ballroom for refreshment. Although the plaintiff had, earlier in the evening, been cautioned by the town's police commissioner to go home to avoid trouble, he did not do so and about 11:30 p. m. he went into the bar and was drinking beer with another. While there the plaintiff saw the town mayor, Gilbert M. Garley, got his attention, and the two approached each other until they stood facing each other about two or three feet from the bar, in which position the plaintiff was partially facing the north door of the bar, while the mayor was facing away from it. A discussion took place between them concerning the administration of the town and the employment of a new deputy marshal, one Lloyd Brown, the plaintiff expressing his dissatisfaction therewith. The mayor re-

sponded the plaintiff should take any complaints he had to the town council. Thereupon the plaintiff resumed his place at the bar and had raised his bottle of beer to his mouth when he heard the mayor say the words, "Let him have it." The plaintiff saw or felt a flash in the back of his face, was struck and went down. Deputy Marshal Brown had entered the room, unknown to the plaintiff, and upon the mayor's order discharged his tear gas gun and struck the plaintiff, also using a club upon him.

The room filled up with tear gas and everyone was ordered out. The plaintiff was assisted from the room, placed in the deputy marshal's automobile and taken to a doctor who bathed plaintiff's face and head. He was later released in the custody of his brother and hospitalized.

The jury found in answer to a special interrogatory that plaintiff was not conducting himself in a peaceful, law-abiding manner at the time of the assault upon him.

There is no dispute that Garley was the mayor of the town or that Brown was a deputy marshal on duty and acting as such officer at the time in question. It is likewise undisputed the mayor performed his duty of keeping public peace in various ways, including the appointment of a police commissioner, directing deployment of police officials at certain social gatherings and reporting violations to the police officers and the deputy marshal.

The defendant town contends although by statute, § 14–17–2, N.M.S.A.1953, the mayor is created the chief executive officer of the town, as such he had no power to give any order other than such as was necessary or proper for the execution and enforcement of existing ordinances and regulations, or orders of the town council—that in this instance the mayor was empowered to order the deputy marshal to take plaintiff into custody and use such force upon him as the circumstances warranted, but that the mayor had no power or authority to order the deputy to discharge tear gas at the plaintiff and assault him with a club under circumstances which did not warrant such use of force.

The case of Baca v. City of Albuquerque, 1914, 19 N.M. 472, 145 P. 110, 111, also involved the commission of a tort by an agent of a city while such agent was engaged in performing a municipal function. The driver of a fire wagon, while responding to a fire alarm, negligently collided with the plaintiff, injuring him and his property. A directed verdict for the city was upheld.

That opinion describes the sort of instance in which a member or officer of a municipal corporation is relieved from liability for the commission of a tort and the

municipality alone becomes liable therefor. It is said:

"* * * suppose the city council should instruct the chief of police to tear down a building, or to close a ditch, and pursuant to such order he should do so. In such a case the statute says he shall not be individually liable for such act, but that the liability shall rest upon the city. The city authorizes the closing of a street, and under such authority the marshal proceeds to do so. The marshal would not be liable, as he acted under the authority of the city, but the city would be liable under the statute, if damages were recoverable. The statute does not undertake to change the common-law rule, except in those cases where the specific tortious act was done under direction of the city, or by its authority."

While we agree with the plaintiff's contention that the mayor had power and authority to direct the deputy marshal to enforce the peace and quell disturbances, we cannot conclude that as mayor it was within his power to order that violent force be employed for such purpose when unwarranted by the circumstances. When he directed the commission of this assault he exceeded his authority and ceased to act in behalf of the town.

A closely analogous case is that of Cherry v. Williams, 1955, 60 N.M. 93, 287 P.2d 987, 989, where we held the trial court improperly gave summary judgment in favor of the defendants, the mayor and police chief of a city, upon the ground the plaintiff should have sued the city in their stead, where a disputed factual question was raised concerning the lawfulness of plaintiff's arrest and detention by the police chief as directed by the mayor.

The plaintiff would have us construe that decision as saying the factual question in dispute was whether the mayor had directed the commission of a tort within or without his official powers. But it is apparent the factual question to be tried on the merits there was whether or not any tort had been committed by the defendant mayor and police chief. That they would be individually liable for tortious acts so committed is made clear in the following paragraph from that opinion:

"It is well established in this jurisdiction that a police officer is immune of any responsibility for the commission of any tortious act when done by authority of the municipality, or in execution of the orders thereof; and that the municipality shall alone be responsible for such act or acts. Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609. It is also well established in this state that, when an officer exceeds his official duties and makes an arrest without authority of the municipality,

or in execution of orders thereof, he ceases to act in behalf of the city and he assumes the entire responsibility himself. Victims of his action have no civil remedy, except against the individual, and have no right to look to the city for compensation. Taylor v. City of Roswell, 48 N.M. 209, 147 P.2d 814, citing Baca v. City of Albuquerque, 19 N.M. 472, 145 P. 110. See, also Vickrey v. Dunivan, 59 N.M. 90, 279 P. 2d 853, 855."

Although we are sympathetic to the cause of the plaintiff, we cannot uphold the judgment for damages rendered against the Town of Bernalillo which has no legal liability therefor.

The lower court erred in refusing to dismiss the plaintiff's complaint for failure to state a cause of action in not alleging the acts complained of were done by authority of the town or in execution of its orders, and similarly erred when it refused to direct a verdict in favor of the defendant town, the plaintiff not having produced any evidence of such fact.

The judgment appealed from is reversed and the cause remanded with direction to the trial court to enter judgment for defendant dismissing the case.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.