361 P.2d 613

Francisco VALDEZ, a Minor, by his next friend, Joe E. Valdez, Plaintiff-Appellant,

v.

CITY OF LAS VEGAS, a Municipality, Defendant-Appellee.

No. 6745.

Supreme Court of New Mexico.

May 2, 1961.

Catron & Catron, Santa Fe, for appellee.

MOISE, Justice.

The plaintiff-appellant, a 17 year old school boy, by his father as next friend, brought this suit to recover from Andy Gallegos and defendant-appellee City of Las Vegas damages resulting from being shot by Andy Gallegos. Both the City and Gallegos answered the complaint of plaintiff, the depositions of plaintiff and Gallegos were taken and thereupon the City filed a motion for summary judgment on the ground "that the pleadings and depositions on file herein * * * show that there is no genuine issue as to any material fact relating to or upon which any liability on the part of said defendant could be found to exist and that defendant is entitled to a judgment in its favor as a matter of law." Based upon the pleadings and depositions the court granted the City summary judgment and dismissed plaintiff's complaint. To review this action this appeal is prosecuted.

The facts necessary for a determination of this appeal gleaned from the pleadings and depositions are summarized as follows: that Andy Gallegos on February 24, 1959, was a member of the police force of defendant City assigned to special duty at Highlands University in said City. This was denied by the City in its answer, and Andy Gallegos, in his answer and deposition which is uncontroverted, asserted that

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Manuel Garcia, Jr., Albuquerque, for appellant.

he was an employee of Highlands University in said City of Las Vegas. He was a night watchman and peace officer employed and paid by the University. He had a peace officer's commission signed by the Mayor of defendant City, and also had a commission from the Town of Las Vegas and one from the County Sheriff. On occasions he had assisted the city police when requested to do so. He wore a blue policeman's uniform and a badge like the ones worn by city policemen.

It is not necessary for a decision herein to go into the facts surrounding the altercation between plaintiff and Gallegos which culminated in the shooting of plaintiff. It is sufficient to point out that the incident occurred on Highlands University property while Gallegos was performing his duties as its employee. Plaintiff alleged that at the time of the shooting Gallegos "was employed by the City of Las Vegas and acting within the apparent scope of his duty, and otherwise so acting for the defendant City of Las Vegas as to make the City of Las Vegas liable to the plaintiffs herein." These allegations were denied by the City of Las Vegas and aside from the facts recounted above there is no proof in the record touching on this allegation.

The plaintiff argues the case under one point in which he asserts that it is clear from an examination of the pleadings and depositions that a genuine issue of a material fact was present and that it was accordingly error to grant summary judgment. These issues are further particularized with the assertion that there was an issue as to whether or not Andy Gallegos was a member or officer of the City of Las Vegas, and whether or not the act done by him was by authority or in execution of the orders of the City.

These are material issues by virtue of § 14–17–11, N.M.S.A.1953, which both parties agree is determinative and which reads as follows:

"No personal action shall be maintained in any court of this state against any member or officer of any municipal corporation in this state for any tort or act done, or attempted to be done, by such member or officer, when done by authority of such municipal corporation, or in execution of the orders thereof; in all such cases the municipal corporation shall alone be responsible; and any such member or officer may plead the provisions of this section in bar of such action whether the same be now pending or hereafter commenced."

The cases in which the statute has been interpreted are Baca v. City of Albuquerque, 19 N.M. 472, 145 P. 110; Taylor v. City of Roswell, 48 N.M. 209, 147 P.2d 814; Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609; Cherry v. Williams, 60 N.M. 93, 287 P.2d 987; and Salazar v.

Town of Bernalillo, 62 N.M. 199, 307 P.2d 186.

Without attempting to set forth the holdings of these cases in detail it is sufficient for our purposes here to point out that under the statute, in order for the tortious act to become that of the municipality and not of the employee the specific act must have been done by authority of the municipality or in execution of its orders. Baca v. City of Albuquerque, supra; Taylor v. City of Roswell, supra. On the other hand, if a police officer who is an employee of the City exceeds his authority or acts outside his orders he alone is responsible when injuries result. Brown v. Village of Deming, supra; Cherry v. Williams, supra; Salazar v. Town of Bernalillo, supra.

Upon attempting to apply these principles to the instant case we find ourselves met at the outset by the fact there certainly is an unresolved issue as to whether or not Andy Gallegos was a "member or officer" of the City of Las Vegas. However, it makes no difference if he was or not if his acts were not done by authority of the City or in execution of its orders. There was no evidence before the trial court that the acts were so authorized, and the City claims it should prevail because there is no allegation to such effect, and that accordingly the complaint failed to state a cause of action, relying upon Baca v. City of Albuquerque, supra, and Taylor v. City of Roswell, supra.

Further, the City points to the argument of plaintiff in his brief in chief, where he states:

"There is not one single piece of evidence in the record before the court to show that defendant Andy Gallegos claimed or had any authority to arrest or to take into custody the appellant, as he attempted to do in this case except as he derived it from the appellee by virtue of the commission issued to him by appellee."

and claims that this admission clearly supports the action of the trial court. With this argument we are constrained to agree.

As already pointed out the allegation of the complaint upon which plaintiff's right of recovery is predicated is to the effect that Gallegos was acting for the City and "within the apparent scope of his duty." From this language it would appear that the cause of action pleaded is based upon a master-servant or employer-employee relationship. As we have seen from the cases cited, this is not enough upon which to find the City liable. A complaint in order to state a cause of action "must show some primary right possessed by the plaintiff and some corresponding duty resting upon the defendant, and that such right has been invaded and such duty violated by some wrongful act or omission on the part of the defendant." York v. American National Bank of Silver City, 40 N.M. 123, 55 P.2d 737, 738.

In order that a good cause of action be pleaded it was required under the cases hereinabove cited that Gallegos not only be an officer of the City, and that he was acting under his commission as a police officer. Beyond the commission it was necessary in order to state a cause of action under the statute that "the specific tortious act was done under the direction of the city or by its authority," otherwise the common law rule of municipal immunity remains unchanged. Baca v. City of Albuquerque, supra.

This defect could have been raised by motion for judgment on the pleadings under Rule 12(b) of Rules of Civil Procedure (§ 21–1–1(12b), N.M.S.A.1953) and if this had been done, the motion would have been sustained. The fact that the motion is one made under Rule 56(b), § 21–1–1(56) (b), does not alter the situation. See 6 Moore's Federal Practice 2052, § 56.09.

Plaintiff argues in his reply brief that defendant City never raised the question of the sufficiency of the complaint until its answer brief and that under Rule 20(1) of the Supreme Court (§ 21–2–1(20) (1), N.M.S.A.1953) the issue could not be raised for the first time in this court. In this contention he is in error. As was said in Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 1083, 58 A.L.R. 573, " * * the objection here made is, in legal effect,

that the complaint does not state facts sufficient to constitute a cause of action. Such objection may always be raised." See also York v. American National Bank of Silver City, supra.

It follows from what we have said that the court did not err in granting summary judgment, and accordingly its judgment of dismissal is affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.