[No. 1001.    September 2, 1903.]

## THE BOARD OF COUNTY COMMISSIONERS of the County of Grant, Appellant, v. FRANK W. CROSS, Appellee.

### SYLLABUS.

Where in a former case a demurrer to a complaint was sustained, in the determination of which demurrer the material issues involved in the suit had to be passed upon, and appellant did not amend his complaint, when leave was given so to do, but allowed a judgment of dismissal to be entered, and appealed to this court, and this court sustained the judgment of dismissal entered by the trial court, it is a final adjudication of the rights of the parties and no new suit can be maintained on the same cause of action.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice.    Reversed.

PERCY WILSON with W. H. H. LLEWELLYN, District Attorney, and FRANK W. WRIGHT for appellants.

The warrant sued upon belongs in the class referred to in the proviso clause at the end of section four, chapter 68, Session Laws of 1889, should not bear interest after July 1, 1889, and will not support the judgment herein, because it is not shown that there is or has been at any time since said first day of July, 1889, a surplus of county funds in the treasury of the county over and above what is necessary to defray current expenses.

King Bridge Co. v. Oteo County, 124 U. S. 459; Forbis v. Board of Commissioners of Grant County, 47 Pac. 388.

If said warrant belongs to the class referred to in said section, then at the time of the commencement of this action a suit upon such warrant was barred by the statute of limitations.

Chap. 68, Session Laws of 1889.

The former judgment rendered in the action between the parties, being upon the same cause of action, and rendered upon the merits, is a final adjudication of the matter between said parties, and is a bar to this action.

> Outram v. Morewood, 3 East 346; United States v. 422 Casks of Wine, Pet. 547; Bank of the United States v. Beverly, 1 Howard 134; Lessee of Parish v. Ferris, 2 Black 606; Clearwood v. Meredith, 1 Wallace 26; Cromwell v. County of Sac, 94 U. S. 351; Aurora City v. West, 7 Wallace 82; Detroit v. Essex County, 7 Wallace 107; Beloit v. Morgan, 7 Wallace 621; Forsythe v. Hamilton, 166 U. S. 506; Southern Pac. Railroad Co. v. United States, 168 U. S. 1; Doe v. Oliver, 2 Smith's Leading Cases 573, and Hare & Wallace notes thereon; 1 Greenleaf on Evidence, secs. 530, 524, 528; Wells, Res Adjudicata, sec. 229, 248, 249, 251, 446, 448; Bissell v. Spring Valley Township, 124 U. S. 225; Barnett v. Barnett, 9 N. M. 205, 50 Pac. 337.

OSCAR A. APPEL for appellee.

The genuineness and due execution of the warrant in question is deemed as admitted by the pleadings.

> Sec. 2984, Comp. Laws of 1897; subsection 123, sec. 2685, Code.

Of the presentation and endorsement of such warrants—

> Sec. 4, chap. 68, Laws of 1889; Lincoln County v. Luning, 133 U. S. 529.

No action accrued on this quasi-bond until six years from the date of its endorsement by the clerk, that is, until March 21, 1895.

> Receiver v. Yates, 2 Nat. Bk. Cases 204; Meherin v. Produce Exchange, 117 Cal. 215;

> Travelers Ins. Co. v. Stucki, 4 Kas. App. 424; Codman v. Rogers, 10 Pick. 112; Thompson v. Iron Co., 41 W. Va. 574.

The lower court found that the action was brought within six years after the expiration of reasonable time.

> Lockhart v. Odgen, 30 Cal. 548; Magee v. Carmack, 13 Ill. 289; How v. Huntingdon, 15 Me. 350.

The judgment in the former suit is no bar to the present action.

> Gould v. Evansville and Crawfordsville R. R. Co., 91 U. S. 526; Gilmer v. Morris, 35 Fed. 682; Morrel v. Morgan, 65 Cal. 575; City of North Muskegon v. Clark, 62 Fed. 694; Moore v. Dunn, 41 O. St. 63; The City of Los Angeles v. Mellus, 59 Cal. 444.

### OPINION OF THE COURT.

MILLS, C. J.—This is the second time that the matter involved in this case has been before us for hearing. As the facts are quite fully set out in the former opinion handed down by this court, which case is entitled "Cross v. Board of County Commissioners of Grant County," the report of which can be found in 9 N. M. 410, we will not repeat them here.

When this case was last heard by us it was decided below on a demurrer to the complaint, the demurrer setting up that the declaration on its face showed that the cause of action had not accrued within six years next before the commencement of the action. The trial court sustained the demurrer, and the plaintiff failing to amend the declaration or plead further, a final judgment was entered dismissing the cause, from which judgment plaintiff appealed, and the judgment handed down by this court affirmed the judgment of the court below and did not remand the case for further proceedings in the trial court.

The answer of the defendant to the complaint sets up the plea of *res judicata,* and appellant by number eight of its assignment of errors brings this same point before us for consideration.

The contention of the plaintiff is that the judgment of dismissal in the former suit, having been entered on a demurrer is not a bar to the bringing of new suit.

In Gould v. Evansville, etc., Railroad Co., 91 U. S. 532, the Supreme Court says: "It is clear that the parties to the present suit are the same as the parties in the former suit, and it cannot be successfully denied that the cause of action in the pending suit is identical with that which was in issue between the same parties in the suit decided in the county circuit court, where the parties and the cause of action are the same, the prima facie presumption is that the questions presented for decision were the same, unless it appears that the merits of the controversy were not involved in the issue; the rule in such a case being, that where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit, and might have been presented in that trial, the matter must be considered as having passed *in rem judicatem,* and the former judgment in such a case is conclusive between the parties. Outram v. Morewood, 3 East 538; Greathead v. Bromley, 7 Term 452.

"2. Except in special cases the plea of *res judicata* applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. 2 Taylor's Ev. sec. 1513; Henderson v. Henderson, 3 Hare 115; Stafford v. Clark, 2 Bing. 382; Miller v. Covert, 1 Wend. 487; Bagot v. Williams, 3 B. & C. 241; Roberts v. Heine, 27 Ala. 678.

"Decided cases may be found in which it is questioned whether a former judgment can be a bar to a sub-

sequent action, even for the same cause, if it appears
that the first judgment was rendered on demurrer; but
it is settled law, that it makes no difference in prin-
ciple whether the facts upon which the court proceeded
were proved by competent evidence, or whether they
were admitted by the parties; and that the admission,
even if by way of demurrer to a pleading. in which the
facts are alleged, is just as available to the opposite
party as if the admission was made *ore tenus* before a
jury. Bouchard v. Dias, 3 Den. 244; Perkins v. Moore,
16 Ala. 17; Robinson v. Howard, 5 Cal. 428; Aurora City
v. West, 7 Wall. 99; Goodrich v. The City, 5 Id. 573;
Beloit v. Morgan, 7 Id. 107.

"From these suggestions and authorities two prop-
ositions may be deduced, each of which has more or
less application to certain views of the case before the
court: (1)   That a judgment rendered upon demurrer
to the declaration or to a material pleading, setting forth
the facts, is equally conclusive of the matters confessed
by the demurrer as a verdict finding the same facts
would be, since the matters in controversy are estab-
lished in the former case, as well as in the latter, by mat-
ter of record; and the rule is, that facts thus established
can never after be contested between the same parties
or those in privity with them.   (2)   That if the judg-
ment is rendered for the defendant on demurrer to the
declaration, or to a material pleading in chief, the plain-
tiff can never after maintain against the same defendant,
or his privies, any similar or concurrent action for the
same cause upon the same grounds as were disclosed in
the first declaration; for the reason that the judgment
upon such a demurrer determines the merits of the cause
and a final judgment deciding the right must put an
end to the dispute, else the litigation would be endless.
Rex v. Kingston, 20 State Trials 588; Hutchin v. Camp-
bell, 2 W. Bl. 831; Clearwater v. Meredith, 1 Wall. 43;
Gould on Plead., sec. 42; Ricardo v. Garcias, 12 Cl. &
Fin. 400.

"Support to those propositions is found everywhere; but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action.  Aurora City v. West, 7 Wall. 90; Gilman v. Rives, 10 Pet. 298; Richardson v. Barton, 24 How. 188."

The record discloses but one substantial difference between the pleadings in this suit and that heretofore decided by this court.

The opinion given by this court in our former adjudication, 9 N. M. 410 was based on the ground that the recovery upon the warrant sued on was barred by the statutes of limitations, and the plaintiff seeks to again try his chances before the court by filing a new suit based on the same cause of action, to-wit: the warrant, by setting up in the present complaint that the warrant sued on was presented for payment on April 11, 1888 and on October 1, 1890, to the treasurer of Grant county, who declined to pay it on the grounds that there were no funds in his hands available for the payment thereof, these allegations not being set up in the former complaint.

The plaintiff by standing on his original complaint and failing to amend after the demurrer was sustained, although leave was given so to do, and appealing to this court from the judgment entered in said cause, waived any right which he may have had to amend his original complaint, and when this court sustained the judgment entered by the trial court dismissing the cause, it was final adjudication of the rights of the parties.

The parties to and the cause of action in this suit are the same as in the former one.  Both suits are based

on the identical certificate or warrant. Nothing is alleged in the complaint in this suit, which was not or which might not have been set up in the original complaint or by amendment thereto after the demurrer was sustained.

Under the rule announced by us in the case of the Territory of New Mexico v. Santa Fe Pacific Railroad Co., 10 N. M. 410; and in the Federal courts in Cromwell v. County of Sac, 94 U. S. 352; and in Patterson v. Wold, 33 Fed. 791, the question at issue has become *res judicata* between the parties. In the latter case Judge Brewer, says, in addition to what we have quoted in Territory v. Santa Fe Pacific Railroad Co., supra: "It is true, the basis of complainant's primary right is, as alleged, different in one case from that in the other; but this is mere difference, in the language of the Supreme Court, 'in the grounds of recovery.' The mere fact that different testimony would be necessary to sustain the different allegations in the two bills, does not of itself, necessarily make two distinct causes of action . . . In both of such actions plaintiffs' primary right . . . would be the same; the only difference being in the grounds of recovery. All the grounds of recovery, all the basis of plaintiffs' title must be presented in the first action, or they are lost to him forever."

It is unnecessary to discuss the other assignments of error, as we consider this point conclusive.

The judgment of the trial court is therefore reversed and under the power given to this court, under section 3141 of the Compiled Laws of 1897, the clerk of this court is directed to enter judgment for the defendant, appellant herein, and it is so ordered.

McFie and Baker, JJ., concur.

Parker, A. J., having tried this cause below, took no part in this decision.