FRED D. STRATTON and JOE VINCENT,

*Plaintiffs and Respondents,*

vs.

THE CITY OF RIVERTON, a Municipal Corporation of Fremont County, Wyoming, E. H. STEFFY, Mayor of the City of Riverton, PAUL HUGHES, J. L. LONG, W. A. JARVIS, PERCY CHOPPING, JAMES GRANGER and R. F. NOAH,

*Defendants and Appellants.*

(No. 2688; September 20th, 1955; 287 Pac. (2d) 627)

380

For the defendants and appellants the cause was submitted upon the brief and oral argument of W. M. Haight, City Attorney, Riverton, Wyoming.

For the plaintiffs and respondents the cause was submitted upon the brief of Moran and Murphy, Riverton, Wyoming; oral argument by Mr. C. J. Murphy.

## OPINION

HARNSBERGER, Justice.

The defendant, The City of Riverton, acting by and through its Mayor, E. H. Steffy, and its City Council, composed of Paul Hughes, J. L. Long, W. A. Jarvis, Percy Chopping, James Granger and R. F. Noah, passed a motion that "the road going through the City Park be opened." Assumably in furtherance of that purpose three trees and a telephone pole which were at a point closely approximating the intersection of the center line of the city's main street and the west boundary of the

park were removed. In consequence, the plaintiffs, Fred D. Stratton and Joe Vincent, brought this action securing a perpetual injunction, enjoining and restraining "The City of Riverton, its officers, agents or servants * * * from opening a *through* road or street for public use across said public park in the Park of The City of Riverton * * *." (Emphasis supplied.) Appealing from that order, the city asserts (1) plaintiffs have no standing or right to maintain the action; (2) that the proposed road was in an undedicated part of the park; (3) that the proposed road was an access road and not a through street or part of the city's street system; (4) that by public use the road had been dedicated to the public; and (5) that plaintiffs were guilty of laches.

Both plaintiffs are residents and taxpayers of Riverton. One has his residence across the street from the park; the other resides about four blocks away. As such residents and taxpayers they were qualified to bring the action. It was not necessary that they allege or prove special damage. 39 Am. Jur., Parks, Squares, and Playgrounds, § 47, p. 841; McIntyre v. Bd. of Commissioners of El Paso County, 15 Colo. Ct. of App. Rep. 78, 61 P. 237; 26 C.J.S., Dedications, § 68, p. 160; Douglass v. City Council of Montgomery, 118 Ala. 599, 24 So. 745.

In a prior action one of the instant plaintiffs and another person were plaintiffs, and the City of Riverton and its officers were defendants. Plaintiffs had alleged and the defendants denied that the whole area of the "City Park" here in question was dedicated as a public park without reservation, to the use of the public. In that action the court granted a perpetual injunction, finding that "the allegations of the petition are true in manner and form as said Plaintiffs in their said petition alleged." No appeal was taken and the

status of the park as a dedicated city park was thus judically determined.

Although the parties in the two actions are not identical, the issue in the earlier action as to the park's dedication was one of general and public interest and related to public property. The plaintiffs in both cases were residents and taxpayers similarly situated, and the city and its officials in each case were defendants. This is enough to make the judgment in the prior case conclusive of the matter here and res judicata. See 50 C.J.S., Judgments, § 796 (b), pp. 338, 339. The finding that the park in question had been dedicated without reservation as a public park for the use of the public, constituted the order of perpetual injunction, a judgment in rem, determining the park's status as a dedicated public park. It was binding upon and conclusive of the matter to all the world.

50 C.J.S., Judgments, § 910-c (3), pp. 553, 554, says: "A judgment in rem has been said to constitute an exception, as to the property involved, to the rule, discussed supra § 820, that a judgment is binding only on the parties to the action and their privies. Thus, with respect to the res or status within the jurisdiction of the court, a judgment in rem generally has been held to be conclusive and binding 'upon all the world,' that is, on all persons who may have or claim any right or interest in the subject matter of the litigation, whether or not they were parties to, or participants in, the action, at least to the extent that it adjudicates or establishes a status, title, or other res constituting the subject matter of the action. It has frequently been held that decrees in rem are conclusive evidence against all the world of the facts on which they were based, as well as on the status or title of the res, and that it will operate as an estoppel, in a subsequent action, in respect of the points or questions adjudicated.  *  *  *  "

The evidence fails to sufficiently support appellant's claim that the public acquired prescriptive right to "the road going through the City Park." Furthermore, it is more than doubtful that the public's use for road purposes of a portion of the lands dedicated for its recreation, pleasure and amusement could amount to that adverse user which is necessary to defeat that same public's right to its use for the purposes contemplated by the dedication.

As we do not agree that the road in question was established by prescription, there can be no issue of the plaintiffs' laches.

The finding that the proposed roadway "was a through street and a part of the street system, to-wit, Main Street in the City of Riverton", rather than an access road, is supported and justified by the admission of the city's mayor, who was called and testified as a witness in the city's behalf. On cross examination he stated that one of the prime reasons for opening the park road was to permit people who live east of the park to drive directly downtown, so that it would not be necessary for them to go out of their way around the park. Consequently, the court having found that the road to be opened would in fact be a through street, the decision rendered was wholly in accordance with Rayor v. City of Cheyenne, 63 Wyo. 72, 178 P.2d 115. Under these circumstances we find no merit in the appeal. However, we feel constrained to observe that the injunction is conservatively limited "from opening a through road or street for public use across said public park * * * ". This does not preclude the city from establishing such access road or roads as will not ordinarily be used for through travel. It occurs to us that the way in which this may be accomplished in order to serve the city's purpose to provide rest rooms

and other desired facilities within the park, should not present a difficult problem.

The order and judgment of the lower court is affirmed.

*Affirmed.*

RINER, C. J., and BLUME, J., concur.