**SMITH et, Plaintiffs-Appellees, v. WOOLERY et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2355. Decided November 15, 1955.

Gus W. Byttner, Kenneth J. Arkenberg, Dayton, for plaintiffs-appellees.

Herbert M. Eikenbary, William I. Shaman, Dayton, for defendants-appellants.

(COLLIER, J, of the Fourth District, sitting by designation, in the Second District.)

**OPINION**

By THE COURT:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Montgomery County granting a permanent injunction to the plaintiff-appellee, Lillian Mahone Smith, against the defendant-appellant, John T. Woolery, restraining the defendant-appellant from operating a used car business on three certain lots, Nos. 54615, 54616 and 54,617, situated at or near the intersection of Wayne Avenue and Smithville Road in the City of Dayton, Ohio.

The evidence presented in this Court is in narrative form, giving a summary of the testimony of the witnesses who appeared in the hearing of the case in the lower court.

In the determination of the issues in this case we find it necessary to consider only the following undisputed facts: That the defendant-appellant occupies said (three) lots as a lessee of one Jacob C. Hansen, who is the owner of said lots and who was named as a defendant in the lower court; that on February 16, 1949, in Case No. 96402 in the Common Pleas Court of Montgomery County, Ohio, a judgment was entered against the said Jacob C. Hansen, enjoining him from using said premises in whole or in part for storage or selling either new or used cars, by reason of certain restrictions contained in the deed by which he acquired title thereto; that said judgment is still in full force and effect.

The defendant, Woolery, as lessee of Hansen, may not acquire any

greater rights in this property than Hansen himself holds, and the judgment of the Common Pleas Court is as binding on Woolery as lessee as it is on Hansen, the owner and lessor of said premises.

It follows from a consideration of this fact alone that the trial court was correct in granting an injunction, and therefore a permanent injunction may be prepared and submitted in this Court.

Judgment accordingly.

MILLER, PJ, HORNBECK and COLLIER, JJ, concur.