454 P.2d 762

Charles A. MEEKER, Plaintiff-Appellant,

v.

Roy T. WALKER and Annette S. Walker, and First National Bank in Albuquerque, New Mexico, Defendants-Appellees.

No. 8587.

Supreme Court of New Mexico.

April 30, 1969.

Rehearing Denied June 5, 1969.

Charles A. Meeker, pro se.

Keleher & McLeod, William B. Keleher, Rodey, Dickason, Sloan, Akin & Robb, Robert M. St. John, Albuquerque, for appellees.

## OPINION

SANDERS, District Judge.

This action was brought in the District Court of Bernalillo County to recover compensatory and punitive damages upon allegations of fraud and negligence in connection with the financing and purchasing of oil royalty interests. Motions to dismiss and for summary judgment were filed by the defendants and granted by an order and judgment entered January 27, 1967. Plaintiff has appealed from that order and judgment.

On August 30, 1966, plaintiff Charles A. Meeker filed his complaint in Cause No. A–22034 on the docket of the District Court of Bernalillo County against the defendants Roy T. Walker and Annette S. Walker and First National Bank in Albuquerque. Plaintiff appeared pro se. The first three and one-half pages of this complaint consist of conclusions and recitations of conversations between plaintiff and defendants Walker; it was alleged that a sale was made of four oil royalties to Major Oil Development Company; that Major Oil Development Company is a New Mexico corporation owned and controlled by the wife and children of Charles A. Meeker; that plaintiff advised the Walkers that he would have to mortgage his home to the First National Bank in Albuquerque to raise money to purchase the oil royalties; that defendant Walker helped plaintiff in arranging his loan, and practiced fraud upon plaintiff and the bank. Following this discursive preliminary statement are two counts, the first of which is denominated "COUNT [I]: FRAUD & DECEIT". Under Count I further discursive allegations and statements are set forth concerning various and sundry representations made by the Walkers as to income from the oil royalties and that the Walkers committed fraud upon plaintiff in their representations of the oil production in Calhoun County, Texas; that plaintiff would not have signed the note and mortgage had he known of the fraud practiced upon him. Under the title "COUNT [II]: NEGLIGENCE," plaintiff reiterates the statements as to fraud and misconduct by the defendants Walker and states "that the bank's negligence was not wilful but effected against it primarily because of the misconduct of Mr. and Mrs. Walker in concluding the aforsaid [sic] pleaded misconduct."

Plaintiff prayed for judgment against the defendants and each of them, jointly and severally, in the sum of $2500 actual damages and $7000 exemplary damages on Count I. On Count II, plaintiff prayed "for the nomonal [sic] damages of one dollar against the First National Bank in Albuquerque for the negligent acts practiced against Charles A. Meeker which resulted in his signing the note and mortgage to his home; and for the sum of $2500 actual damages against Mr. and Mrs. Walker and $7000 as exempliary [sic] damages plus costs."

Plaintiff's complaint utterly and wholly disregards and fails to comply with Rule 8(e) of the Rules of Civil Procedure of the State of New Mexico (§ 21–1–1(8), N.M.S.A., 1953).

■ The defendants Walker, by their attorneys, and purportedly by a special appearance, filed a motion to quash the service of process on them on the ground that

no summons was served on them although a copy of the complaint was served on them; on the further ground that they were not subject to service of process outside the State of New Mexico; to dismiss the complaint for failure to state a claim upon which relief could be granted; and to dismiss for failure to join an indispensable party, the Major Oil Development Company. By this motion with its several parts, the defendants Walker entered a general appearance. Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307 (1948).

The defendant First National Bank in Albuquerque, by its attorneys, filed its separate answer to plaintiff's complaint. By its first defense the defendant bank admitted the residence of the plaintiff, the corporate status of the defendant bank, the sale of certain oil royalty interests by the defendants Walker to Major Oil Development Company, that Major Oil Development Company was a New Mexico corporation owned and controlled by the wife and children of plaintiff, and generally denied all the remaining allegations of the complaint; by its second defense, the defendant bank alleged that the complaint failed to state a claim upon which relief could be granted; by its third defense the bank stated that the plaintiff failed to join an indispensable party, Sybil F. Meeker, who shared an interest in the property described in the complaint; by its fourth defense the defendant bank stated plaintiff was a managing agent of Major Oil Development Company and in connection with all matters alleged in the complaint acted either through or on behalf of said oil company and that the judgment entered in Cause No. A–10707 on the docket of the District Court of Bernalillo County (hereinafter referred to) on August 30, 1966, was res judicata as to all matters set forth in the complaint pertaining to the defendant bank; for its fifth defense the defendant bank pleaded that plaintiff by his actions had ratified and confirmed all the actions taken by the defendant bank relating to the subject matter of the complaint and was barred and estopped from asserting

any claim against the bank; by its sixth defense the bank further pleaded that plaintiff by his actions and failure to act waived any claim he had against the bank.

On November 2, 1966, the defendant bank filed its motion for a summary judgment, and on November 7, 1966, said bank filed its motion to strike a purported amended complaint filed by plaintiff without leave of court in violation of Rule 15 of the Rules of Civil Procedure, or in the alternative for summary judgment, and by which motion the defendant bank renewed its motion for summary judgment previously made. To this latter motion was attached a copy of the original complaint in Cause No. A–10707 on the docket of the District Court of Bernalillo County in which Charles A. Meeker and Sybil F. Meeker and the Major Oil Development Co., a New Mexico corporation, were named as plaintiffs, and Mr. and Mrs. Roy T. Walker of Austin, Texas, Capital National Bank of Austin, Texas, and the First National Bank in Albuquerque, N. M. were named as defendants. This original complaint consisted of ten pages of evidentiary allegations, generalities of fraud and deceit, conversations between the parties, discursive narrations, and practically everything except simple, concise and direct allegations as required by Rule 8(e) of the Rules of Civil Procedure; to these ten pages are attached ten pages of purported exhibits. This original complaint in Cause No. A–10707 was amended by a first amended complaint wherein Major Oil Development Co. was named as the plaintiff and First National Bank in Albuquerque was named as the defendant.

By a first amended complaint in the action on appeal, the plaintiff reiterated generally the same statements concerning the oil royalties in Texas as contained in the original complaint; alleged that he believed them; that he was induced to obtain a loan from the defendant bank and place a mortgage on his home; and that certain witnesses would "come forth" and prove the facts outlined; praying judgment

against the defendants Walker for a total of $28,000 actual damages and $25,000 exemplary damages; praying further for the sum of $3,000 actual damages, "and that the First National Bank in Albuquerque be held contingently liable for the additional sum of $25,000 which will be suffered by Charles A. Meeker should the Walkers fail to pay off on any judgment granted against them." Plaintiff further prayed that the defendant bank be granted judgment against the defendants Walker in the sum of $28,000 to offset the judgment granted and prayed for against said bank resulting from the facts pleaded therein, stating "this being essential in order to prevent additional law suits to settle the entire problem outlined to this point."

On January 6, 1967, all motions in this case came on to be heard before the Honorable Samuel Z. Montoya sitting by designation of the Supreme Court. On January 27, 1967, an order and judgment was entered by Judge Montoya wherein it was ordered that the first amended complaint should be considered as filed for purposes of determining the motions of the defendants, and wherein the court found that any claim alleged in the complaint or first amended complaint belonged to the Major Oil Development Company; that the complaints failed to state a claim against the defendants Walker upon which relief could be granted; that Major Oil Development Company was an indispensable party to any claim alleged in the complaints; and that all matters in controversy between plaintiff and the defendant bank had been fully and finally adjudicated in said Cause No. A–10707. The complaint and amended complaint were dismissed as against the defendants Walker for failure to state a claim upon which relief could be granted and for failure to join Major Oil Development Company as an indispensable party, all without prejudice to plaintiff to file an amended complaint within thirty days. Summary judgment was granted in favor of the defendant bank and against the plaintiff Charles A. Meeker, dismissing the complaints with prejudice as to said bank.

■ The Major Oil Development Company was an indispensable party to the action and the case could not proceed without such party. This court has repeatedly ruled that all persons whose interests will necessarily be affected by a decree are necessary and indispensable parties, and the court will not proceed to a decree without them. Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257 (1945); State ex rel. Reynolds v. W. S. Ranch Co., 69 N.M. 169, 364 P.2d 1036 (1961); State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54 (1963).

Rule 56(b) of the Rules of Civil Procedure (§ 21–1–1(56) (b), N.M.S.A.1953) provides:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Rule 56(c) of the Rules of Civil Procedure provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

See Valdez v. City of Las Vegas, 68 N.M. 304, 361 P.2d 613 (1961); Stake v. Woman's Division of Christian Service, 73 N.M. 303, 387 P.2d 871 (1963); Dempsey v. Alamo Hotels, Inc., 76 N.M. 712, 418 P.2d 58 (1966).

As stated in Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378 (1958):

"Summary judgment provides a method whereby it is possible to determine whether a genuine claim for relief or defense thereof exists and whether there is a genuine issue of fact warranting the submission of the case to the jury. Agnew v. Libby et al., 53 N.M. 56, 201 P.2d 775. In a case where the facts are not

in dispute, but only the legal effect of the facts is presented for determination, summary judgment may be properly granted. Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161; Bank of China v. Wells Fargo Bank & Union Trust Co., D.C., 104 F.Supp. 59." See, also, General Electric Credit Corp. v. Tidenberg, 78 N.M. 59, 428 P.2d 33 (1967).

■ The trial court was correct in granting summary judgment as to the defendant bank and dismissing the complaint as to the defendants Walker.

On February 3, 1967, the plaintiff Charles A. Meeker, in Cause No. A–22034, the action now on appeal, filed an instrument denominated "MOTION TO ALTER OR TO AMEND JUDGMENT," asking in part that the court "amend its final Order-Judgment entered and filed with the Clerk of this court on January 27, 1967; and this being to permit Plaintiff to file a motion under Rules C.P. NOS. 59 and 60(b) with Honorable George L. Reese, Jr. to reopen and to try cause A–10,707."

■ The record does not reflect any action as being taken on said motion nor does the record reflect that the filing of said motion was brought to the attention of the trial judge. In all events, on February 14, 1967, a notice of appeal was filed by the plaintiff Meeker appealing from the final order and judgment rendered and filed in Cause No. A–22034 on January 27, 1967. From and after the filing of the notice of appeal, the trial court was without jurisdiction to take any further step in regard to the motion to alter or amend judgment. It is to be noted that relief under Rules 59 and 60 of the Rules of Civil Procedure mentioned in plaintiff's motion to alter or amend judgment is directed to Cause No. A–10707 and the reopening of that action in which there was a final judgment and from which judgment no appeal was taken.

It is necessary for a better understanding of this case that the court advert briefly to Cause No. A–10707 on the docket of the District Court of Bernalillo County,

originally entitled, "Charles A. Meeker & Mrs. Sybil F. Meeker, and the Major Oil Development Co., a New Mexico corporation, Plaintiffs, vs. Mr. and Mrs. Roy T. Walker, of Austin, Texas, Capital National Bank of Austin, Texas, and the First National Bank in Albuquerque, N. M., Defendants," but later amended to "Major Oil Development Co., Plaintiff, vs. First National Bank in Albuquerque, Defendant."

The first exhibit attached to the defendant bank's Motion for Summary Judgment filed on November 2, 1966, in the instant case is a copy of the amended complaint in Cause No. A–10707, and in which complaint it is alleged, among other things, that the plaintiff oil company borrowed $20,000 on August 10, 1964, from the defendant bank. This amended complaint in Cause No. A–10707, with exhibits attached. thereto, reflects that the cause of action therein stated is, insofar as the defendant bank is concerned, identical with the cause of action on which this appeal is predicated. The next exhibit attached to the defendant bank's motion for summary judgment herein is a partial transcript of the testimony of Charles A. Meeker introduced in evidence in Cause No. A–10707 and which reflects that the plaintiff Meeker incorporated Major Oil Development Company as a family corporation and that the entire issue of stock was owned by the plaintiff, his wife and children and that he was the person who negotiated on behalf of Major Oil Development Company for the purchase of the oil royalty interests in the Appling Field of Calhoun County, Texas, from the defendants Walker. It is established that the plaintiff was beneficially interested in Major Oil Development Company as well as being its managing agent and director in the transaction of its business.

Cause No. A–10707 came on for hearing for trial on its merits before a jury at Albuquerque on August 29, 1966, the parties. appearing by their respective counsel and Charles A. Meeker testifying as a witness. for the plaintiff oil company. The judgment reflects that at the close of the evi-

dence the court directed a verdict in favor of the defendant bank, and it was "ordered, adjudged and decreed that the plaintiff take nothing by its complaint and that the same be dismissed at the plaintiff's costs." This judgment was entered on August 30, 1966, and no appeal from such was ever taken.

On the same day, August 30, 1966, a few hours later and in the afternoon, plaintiff Charles A. Meeker filed his complaint in Cause No. A–22034 on the docket of the District Court of Bernalillo County.

As stated, order and judgment was entered in the present action on the 27th day of January, 1967, at the hearing held before the Honorable Samuel Z. Montoya, dismissing the complaints of plaintiff as to the defendant bank with prejudice, and dismissing the complaints of the plaintiff as to the defendants Walker for failure to state a claim upon which relief can be granted and to join an indispensable party, but without prejudice to the plaintiff to file an amended complaint in said action within thirty days. The record reflects that no amended complaint was filed or tendered by the plaintiff within the thirty-day period, or at any other time, as to the defendants Walker.

█ The court was correct in requiring the addition of an indispensable party, Homestake Mining Co. v. Mid-Continent Exploration Co., 282 F.2d 787 (10th Cir. 1960), and the burden was on Meeker to comply with the court's order in filing an amended complaint, and, having failed to do so, his appeal as to the Walkers must fail. Eyring v. Board of Regents, Etc., 59 N.M. 3, 277 P.2d 550 (1954); Board of County Commissioners of Grant County v. Cross, 12 N.M. 72, 73 P. 615 (1903); see, Martinez v. Cook, 57 N.M. 263, 258 P.2d 375 (1953), where we said:

"'* * * Certainly it was never the intention of the statutes or rules regulating appeals that one meeting with adverse rulings on his pleadings could withdraw from the combat below, bring his pleadings here, have us point out the deficiencies, and then return, amend the defective pleading and resume the battle with his adversary.'"

The situation is no different if Major Oil Development Company was technically not an indispensable party. It cannot be argued that complete relief can be accorded in the matter without its presence. Accordingly, Rule 19(b) (§ 21–1–1(19) (b), N.M.S.A., 1953) would be applicable, and under its terms it was no abuse of discretion to order that the corporation be joined. Meeker having refused to amend and join it, he should not now be heard to complain. See Stevens v. Loomis, 334 F. 2d 775, 777–778 (1st Cir. 1964); 3A Moore's Federal Practice 2219, § 19.07[1].

█ As above stated, the plaintiff Charles A. Meeker incorporated Major Oil Development Company and he, his wife and children owned all the shares of stock in said corporation. The pleadings unquestionably show that Mr. Meeker controlled the litigation in Cause No. A–10707 and that he had a proprietary or financial interest therein. Thus, he became bound by the adjudication in that case by reason of his interest and his active participation in the litigation.

"A person who is not a party but who controls an action individually or in cooperation with others is bound by the adjudication of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound."

Restatement of the Law, Judgments, § 84, at 390 (1942).

Stafford v. Russell, 117 Cal.App.2d 319, 255 P.2d 872 (1953), certiorari denied 346 U.S. 926, 74 S.Ct. 315, 98 L.Ed. 419 (1954), was an action to quiet title to real estate and for declaratory relief. A prior action quieted such title in one of the defendants against Howard Park Company and Co-

burg Oil Company, of which the plaintiff Stafford was a principal stockholder and guiding hand. The California court said:

"In the present case plaintiff reiterates the allegations of the previous two actions and raises the same questions that were previously raised in the prior actions where the rulings were adverse to him. Such adverse rulings are binding upon plaintiff herein and need not further be considered for the reason that though he was not a nominal party to the prior actions the Coburg Oil Company was, and plaintiff had a proprietary and financial interest in the judgment and controlled the Coburg Oil Company's conduct in the actions."

See, also, Morrison v. Willhoit, 62 Cal. App.2d 830, 145 P.2d 707 (1944); Templeton v. Scudder, 16 N.J.Super. 576, 85 A.2d 292 (1951).

In Henderson v. U. S. Radiator Corp., 78 F.2d 674 (10th Cir. 1965), an appeal from the Colorado District Court, in an opinion by Circuit Judge Phillips, it was said:

"Any right, fact or matter in issue and directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated by the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not."

See, also, Williams v. Pacific Royalty Co., 247 F.2d 672 (10th Cir. 1957).

As stated, the trial court here ruled that the matters sought to be litigated in Cause No. A–22034 had been fully litigated in Cause No. A–10707. This ruling is correct. Henderson v. U. S. Radiator Corp., supra.

Appellant Meeker has wholly failed to comply with Rule 15 of the Supreme Court Rules in the preparation of his brief; nevertheless, the court has carefully considered the record in this case with its var-

ious pleadings, and has considered the briefs of the parties with the authorities cited therein.

Finding no error in the ruling of the trial court, its judgment is hereby affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, COMPTON and CARMODY, JJ., concur.