**WILMINGTON HOUSING AUTHORITY, Plaintiff,**

v.

**NOS. 500, 502 AND 504 KING STREET, AND NOS. 503, 505 AND 507 FRENCH STREET, COMMERCIAL TRUST COMPANY, a corporation of the State of Delaware, et al., Defendant.**

Superior Court of Delaware, New Castle.

Dec. 30, 1970.

Januar D. Bove, Jr., and Morris Cohen, Wilmington, for plaintiff.

William D. Bailey, Jr., Wilmington, for defendant.

OPINION

MESSICK, Judge.

The facts of this case are recited in Wilmington Housing Authority v. Nos. 500, 502, and 504 King Street and Nos. 503, 505 and 507 French Street and Commercial Trust Company, et al, 254 A.2d 856 (Del. Super.1969), Aff'd 262 A.2d 246 (Del. Supr.Ct.1969), cert. den. Cohen v. Wilmington Housing Authority, 398 U.S. 921, 90 S.Ct. 1821, 26 L.Ed.2d 86 (hereinafter cited as *Commercial Trust*). Plaintiff, having succeeded in the abovementioned condemnation proceeding in Superior Court, then joined Ogden-Howard Furniture Company, Inc. (hereinafter known as Ogden-Howard), Elaine Toumarkine Bermas, Roger Bermas, and David Toumarkine as additional defendants pursuant to 10 Del.C. § 6105(c) before litigating the market value of the property condemned. Ogden-Howard is a tenant upon the condemned property and, therefore, a party in interest for purposes of determining the market value. The three other defendants

are the beneficiaries of a trust whose trustee is Commercial Trust and whose *res* is the French and King Streets properties. After joinder, Ogden-Howard and the beneficiaries raised defenses identical to those of Commercial Trust, made identical counterclaims and served upon plaintiff identical interrogatories. Plaintiff thereupon presented its motion to strike the interrogatories and for summary judgment. Due to the nature of the present and former cases, both motions and the counterclaims will be decided together.

The question for determination on the summary judgment, therefore, is whether the defenses and counterclaims are precluded because of the doctrine of *res judicata*. The defenses and counterclaims raised the same question regarding the constitutionality of the condemning of the same parcels of land as in the *Commercial Trust* case, to-wit: whether Nos. 500, 502 and 504 King Street and Nos. 503, 505 and 507 French Street constitute part of a slum and may be taken in condemnation proceedings. Ogden-Howard and the beneficiaries are, therefore, contesting the status of the aforesaid properties.

A condemnation proceeding is *in rem* in nature. United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729 (1946); A. W. Duckett & Company, Inc. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924); United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996 (1892). And a judgment *in rem* determines the status of a *res* and is good against the whole world. Gratiot County State Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L.Ed. 587 (1919); Poole v. Newark Trust Co., 1 Terry 163, 8 A.2d 10 (Del.Super.Ct.1939); Stratton v. City of Riverton, 74 Wyo. 379, 287 P.2d 627 (1955); Gibson v. Westoby, 115 Cal.App.2d 273, 251 P.2d 1003 (1953).

Assuming *arguendo* that a condemnation proceeding were not *in rem*, Ogden-Howard and the beneficiaries would nevertheless again be precluded by *res judicata*.

The doctrine of *res judicata* is stated as follows:

" * * * a final judgment upon the merits rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies." Epstein v. Chatham Park, Inc., 2 Storey 56, 153 A.2d 180, 184 (Del.Super.Ct.1959); Williams v. Daisey, 7 WW Harr. 161, 180 A. 908 (Del.Super.Ct.1935).

In the instant case Ogden-Howard is a tenant of Commercial Trust pursuant to a trust agreement. Thus, defendant is not an identical party in the previous case concerning these parcels of condemned land, but a party in privity is also foreclosed. And a tenant is in privity with his landlord, taking no greater right in the property than the latter does. Kruger & Birch, Inc. v. DuBoyce, 241 F.2d 849 (3rd Cir. 1957); Fouke v. Schenewerk, 197 F.2d 234 (5th Cir. 1952); Krasner v. Reed, 33 Ala. App. 85, 30 So.2d 731 (1947); reh. den., cert. den. 249 Ala. 240, 30 So.2d 734; Leader v. Joyce, 271 Minn. 9, 135 N.W.2d 34 (1965); Smith v. Woolery, 137 N.E.2d 632 (Ct.App.Ohio 1955).

Further, the plaintiff has presented uncontroverted evidence that the directors of Ogden-Howard are Sol Toumarkine, Sadie Toumarkine, and Samuel Cohen. These same persons are the officers of the corporation. They were also parties defendant in the *Commercial Trust* case and are the beneficiaries of the trust agreement under which Commercial Trust functions as trustee. As a matter of law these three individuals were parties in interest and held a financial interest in the results of the *Commercial Trust* case.

Therefore, because they are the moving force behind Ogden-Howard and had the identical interests actively defended in the *Commercial Trust* case, they bind Ogden-Howard as a party in privity with themselves. Souffront v. LaCompaigne des Su-

creries de Porto Rico, 217 U.S. 475, 30 S. Ct. 608, 54 L.Ed. 846 (1910); Meeker v. Walker, 80 N.M. 280, 454 P.2d 762 (1969); Stafford v. Russell, 117 Cal.App.2d 319, 255 P.2d 872 (1962) (reh. den. 1962); Kuiken v. Garrett, 243 Iowa 785, 51 N.W.2d 149 (1952).

Since Elaine Toumarkine Bermas, Roger Bermas and David Toumarkine are beneficiaries, whose interests were fully litigated by their trustee, they are parties in privity in the *Commercial Trust* case. Lewis v. Hanson, 36 Del.Ch. 235, 128 A.2d 819 (Del.Sup.Ct.1957) Aff'd 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, Reh.Den. 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92. Consequently, their attempt to question the condemnation is also barred by *res judicata*.

The motion for summary judgment is granted, the interrogations of Odgen-Howard and the beneficiaries are struck, and the counterclaims are barred.

Order on notice.