### OGDEN–HOWARD FURNITURE COMPANY, Inc., a Delaware corporation et al., Defendants Below, Appellants,

v.

### WILMINGTON HOUSING AUTHORITY, a public body corporate and politic, organized and existing under the laws of the State of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

July 23, 1971.

William D. Bailey, Jr., of Bayard, Brill & Handelman, Wilmington, for appellants.

Januar D. Bove, Jr., of Connolly, Bove & Lodge and Morris Cohen, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and MARVEL, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is the second appeal in a condemnation action instituted in 1967. The defendants named in the original complaint were the properties; Commercial Trust Company, Trustee; Samuel and Anita Cohen; Sol and Sadie Toumarkine; David Toumarkine, and Roger and Elaine Toumarkine Bermas, as "owners of said properties, or of some part thereof or interest therein". Service was obtained on all defendants except David Toumarkine and Roger and Elaine Bermas. An answer and counterclaims were filed by the defendants who had been served. Fundamentally, they contested the right of the Housing Authority to condemn the properties in question for the purpose of eliminating a slum. The Superior Court in Wilmington Housing Authority v. Nos. 500, 502 and 504 King Street, 254 A.2d 856 (1969), overruled the defendants' objections to the condemnation of the properties and ordered the condemnation to proceed to valuation.

After this ruling Wilmington Housing Authority, having learned through dis-

covery that Ogden-Howard Furniture Co. was a lessee under a lease between it and Commercial Trust Company, Trustee, obtained an order adding Ogden-Howard Furniture Company as an additional defendant and, also, providing for substituted service on the three individual defendants not previously served. Thereupon, Ogden-Howard and the three additional previously unserved defendants filed an answer and counterclaims identical with the answer and counterclaims filed by the other defendants. Wilmington Housing Authority then moved for summary judgment against the additional defendants on their answer and counterclaims.

In the meantime the other defendants appealed from the ruling of the Superior Court overruling their objections to the condemnation to this Court. On January 20, 1970 this Court, in a *Per Curiam* Opinion, affirmed the judgment upon the Opinion filed below. Nos. 408, 410, 500, 502 and 504 King Street v. Wilmington Housing Authority, 262 A.2d 246 (1970). Thereafter, certiorari was denied by the Supreme Court of the United States.

In December, 1970, following the remand of the cause to the Superior Court for further proceedings, the Superior Court granted Wilmington Housing Authority's motion for summary judgment against the additional added defendants. The decision rests on the doctrine of *res judicata* since the additional defendants raised no new issue before the Court concerning the right of the Wilmington Housing Authority to condemn the properties sought to be condemned and were in privity with the other defendants. The Superior Court then ordered the cause to proceed to an ascertainment of the value of the properties to be condemned. This Opinion is found reported as *Wilmington Housing Authority v. Nos. 500, 502 and 504 King Street et al.*, 273 A.2d 280 (1970).

Fundamentally, the most recent Opinion of the Superior Court in this cause holds that a condemnation proceeding results in a judgment *in rem* which is binding on all parties having an interest in the properties who had an opportunity to raise their objections or whose interests were represented by parties who in fact raised the same issues and had them decided adversely. It is clear that all of the additional defendants were in privity with the other defendants, Ogden-Howard, as lessee of Commercial Trust, and the three individuals as beneficiaries of the trust of which Commercial Trust is Trustee. They are accordingly estopped from relitigating issues which have been decided adversely to them.

The judgment below is affirmed upon the Opinion below, 273 A.2d 280.