William NEEL and Ray Herrmann, on behalf of themselves and all other taxpayers of the City of Laramie, State of Wyoming, Appellants (Plaintiffs below),

v.

The CITY OF LARAMIE, Wyoming, a municipal corporation, et al., Appellees (Defendants below).

No. 3982.

Supreme Court of Wyoming.

Oct. 1, 1971.

Weston W. Reeves, of Graves, Smyth, & Reeves, Cheyenne, for appellants.

Thomas S. Smith, Laramie, for The City of Laramie.

Tom H. Barratt, Laramie, for B. D. P. Enterprises.

Alfred M. Pence, of Pence & Millett, Laramie, for Skaggs Drug Center, Inc.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the Court.

In 1928 an 80-foot right of way was conveyed to the City of Laramie for a flood control channel. In 1966 the City dedicated the channel as Spring Creek Park in order to qualify for Federal funds for beautification. No beautification program was carried out.

Crossings over the channel are provided for some of the streets which are perpendicular to the channel but not for all of them. Prior to 1970, 16th Street did not extend across the channel. On May 5, 1970 the City granted a license to B. D. P. Enterprises to build a bridge across the channel along the course of what would be 16th Street if extended. This bridge would provide access to business properties of B. D. P. Enterprises and Skaggs Drug Centers, Inc.

Plaintiffs, owners of property across the street from the proposed bridge, brought an action to enjoin construction of the bridge. They argued the law is that a city cannot construct or permit construction of a street through park property; and unless the property was first vacated for park purposes the crossing would be illegal.

The district court accepted plaintiffs' theory and issued an injunction against construction of the bridge. Thereafter the City of Laramie complied with statutory proceedings for the vacation of property and vacated from Spring Creek Park a strip sufficient for the proposed bridge. The defendants then petitioned the court to modify its decree; and the court did in fact modify its prior judgment by removing the injunction.

Plaintiffs are appealing from the modified judgment which removed the injunction against the bridge. In doing so, plaintiffs do not challenge the legality or sufficiency of the vacation proceedings.

The question presented for our determination is whether the City of Laramie can grant to a property owner access to the owner's property by way of a bridge over

the flood control channel, after a valid vacation of a sufficient portion of the park property, when the bridge is to be constructed by and at the cost of the property owner and is to remain open at all times for public use.

Our opinion is that appellants have failed to show the action of the city unreasonable, improper or illegal in any manner; and accordingly the modified judgment of the district court should stand. We need comment only briefly on the four points which appellants have argued.

### 1. *Diversion of Park Property*

██ Appellants insist on arguing that a city cannot construct a street through park property.[1] They then ask: Can a city get around the law which prevents such diversion by the simple device of vacating the precise area needed for a bridge? Or in other words, can the city accomplish indirectly what could not be done directly?

Appellees do not challenge the general proposition that a city cannot construct a street through a city park, and we need not dispute or confirm the extent to which such general proposition is true. We might point out, however, that it is clear the flood control channel involved in this case never became a *de facto* city park. It was in no way used by the public as such, and the beautification program once thought about was never carried out.

In that sense it is the plaintiffs who are resorting to a technicality rather than reality. They claim, for strictly legal or technical reasons, the city cannot accomplish the perfectly proper and legal objective of affording B. D. P. Enterprises, Skaggs, and the public access to the businesses of B. D. P. and Skaggs. Under such circumstances, we fail to see why we should try to apply a rule to the effect that the city cannot do indirectly what it could not do directly. At least appellants have not shown us authority or persuasive logic for such a rule in such a case as this.

### 2. *The Public Interest*

██ The second point urged by appellants in their appeal is that vacation of an isolated strip of park property is not in the public interest. This of course is an argument which should have been addressed to the city council when a public hearing was held on a proposal to vacate. The determination is not for the courts, unless there is first a showing that the administrative action was in excess of powers or not in conformity with law, or that such action was arbitrary, capricious, fraudulent or characterized by abuse of discretion.[2] None of these matters has been alleged or proved by the plaintiffs.

██ Section 15.1–438, W.S.1957, C.1965, authorizes the governing body of any city to vacate from public use any public park "or part thereof." The following section (15.1–439) states, when the governing body considers it to be in the interests of the public to vacate any public park *or part thereof* from the public use to which it was dedicated, it shall follow a certain procedure. It seems to be undenied that the correct procedure was followed in this instance.

Inasmuch as the City of Laramie had a right, if not a duty, to provide reasonable access where it did, and since there is an absence of showing of interference with any *de facto* public park purposes, we think the district court did right when it left to the governing body of Laramie the matter of determining what is in the interests of the public.

Courts will not interfere with the exercise of judgment and prerogative by municipal authorities when power to act has been vested by statute in the municipality.

---

1. Raynor v. City of Cheyenne, 63 Wyo. 72, 178 P.2d 115, 118; and Stratton v. City of Riverton, 74 Wyo. 379, 287 P.2d 627, 629, are cited as authority for this principle.

2. See § 9–276.32(c), W.S.1957, 1971 Cum. Supp.

See In Re West Laramie, Wyo., 457 P.2d 498, 501; Banner v. City of Laramie, 74 Wyo. 429, 289 P.2d 922, 930; and 62 C.J.S. Municipal Corporations § 199, p. 372.

In the recent case of Clifford v. City of Cheyenne, Wyo., 487 P.2d 1325, we cited Thomas v. Jultak, 68 Wyo. 198, 231 P.2d 974, and reaffirmed that the vacation of streets and highways is a legislative function; and once a city council determines that a street or a part thereof is to be vacated, the courts will not interfere unless the determination is brought about by fraud and collusion or is clearly arbitrary and a grave abuse of discretion.

There is no reason why the same principles should not apply when park property is vacated. Indeed, counsel for appellants agrees the same principles should apply.

We also made it clear in *Clifford* that the mere fact that an abutting owner might receive some benefit will not of itself vitiate the vacation ordinance or furnish grounds to enjoin the vacation; and that is particularly true if there is evidence from which it can be determined that a public purpose is served.[3] There was ample evidence in the case now before us for such determination.

### 3. *Disposition of Property*

■ Section 15.1–3(11), W.S.1957, C. 1965, provides a city has power to sell, convey and transfer any property acquired or held for park purposes when the city "has held title to the property for more than ten (10) years and no substantial use has been made thereof for park purposes." Because the property here involved had been dedicated as a park less than ten years previously, appellants argue the city could not dispose of it.

The foregoing provision applies only to property "acquired or held" for park purposes. The property we are dealing with was certainly not acquired for park purposes. Whatever rights the city had in such property came about as a result of a conveyance to the city for a flood control channel. Also, the portion of the property here involved was not held for park purposes after the vacation.

Hence, as one answer to appellants' argument, appellees take the position that the specific authorization pertaining to vacation is applicable. In that regard § 15.1–441, W.S.1957, C. 1965, specifies:

"Upon the passage of an ordinance vacating the property from public use, the city or town is relieved of all obligations to the public for maintaining the property as a public park, and it may dispose of the property in any manner provided by law."

Appellees contend § 15.1–441 is sufficient authority for the city to dispose of the property vacated from park purposes. However, as a second answer to the contentions of appellants with respect to disposition, appellees point out that no property was in fact disposed of. The city merely gave B. D. P. Enterprises a right to construct and maintain a bridge over the strip of property which had been vacated.

There can be no sound reason why, when property is not required for public purposes, the city may not permit its use by private persons. Colwell v. City of Great Falls, 117 Mont. 126, 157 P.2d 1013, 1020. That would be especially true when the city has determined that the use is in the public interest, as it has done in this instance.

Reference was made in Quackenbush v. City of Cheyenne, 52 Wyo. 146, 70 P.2d 577, 579, to a "well-settled rule" that a court of equity will not interfere at the suit of a taxpayer to restrain the officers of a municipal corporation in the exercise of their discretionary power with regard to the control or disposition of the property of the municipality, in the absence of illegality, fraud or clear abuse of their authority. We find no reason to restrain the city officials of Laramie from doing what they did following their vacation ordinance.

---

3. See Thomas v. Jultak, 68 Wyo. 198, 231 P.2d 974, 981–982.

### 4. Consideration

■ The final argument made on behalf of appellants is that the city cannot give a permanent easement to a private corporation for no consideration. The best answer to this argument is that the city has not given a permanent easement of any kind. It has done nothing more than to grant access to property owned by private companies.

As far as consideration is concerned, we have already said what was done here was determined by the city to be in the public interest. B. D. P. Enterprises has specifically agreed that the bridge will remain open at all times to public use. Also, it has agreed that the city may anytime, at its option, remove the bridge in order that it may be closed as a public way.

Counsel for appellants has concluded his brief by throwing out the suggestion that vacation procedures revived rights of those who conveyed the channel to the city for flood control purposes. Of course that matter is not before us as the parties who made this conveyance are making no claims and are not parties to the action.

Based on the record here presented, and with due consideration of all arguments advanced, we must hold the district court was correct in removing its original injunction. The modified judgment was proper.

Affirmed.