540 P.2d 206

Ruth L. WATKINS, Plaintiff-Appellant,

v.

The LOCAL SCHOOL BOARD OF LOS AL-
AMOS SCHOOLS, and George O. Bjarke,
Eldon L. Christenson, Joseph W. Taylor,
Peter G. Salgado and John F. Spalding, its
members, and Joseph M. Carroll, Its Super-
intendent, Defendants-Appellees.

No. 9877.

Supreme Court of New Mexico.

Sept. 4, 1975.

Jones, Gallegos, Snead & Wertheim, Jer-
ry Wertheim, Santa Fe, Byron L. Treaster,
Los Alamos, for plaintiff-appellant.

Solomon & Roth, Charles S. Solomon,
Santa Fe, Edwin W. Stockly, Los Alamos,
for defendants-appellees.

OPINION

MONTOYA, Justice.

This is an appeal by plaintiff Ruth L.
Watkins from the granting of a motion to
dismiss rendered in favor of defendants in
an action brought in the District Court of
Los Alamos County seeking injunctive re-
lief and money damages, pursuant to 42
U.S.C. § 1983 (1970), because of defend-
ants' refusal to reemploy the plaintiff as a
certified classroom teacher at Los Alamos
High School for the school year 1971–1972
and thereafter. For convenience, the par-
ties will be referred to as they appeared
below.

The facts alleged in plaintiff's first
amended complaint, deemed admitted by
the motion to dismiss, are as follows. The
Local School Board of Los Alamos
Schools, the individual members thereof,
and its superintendent, are all named de-
fendants. Plaintiff was a certified school
teacher and was employed as a non-tenure
teacher by the Los Alamos School Board
for the school years 1968–1969, 1969–1970
and 1970–1971. Plaintiff performed her
teaching and related duties and assign-
ments during her three years of employ-
ment in a competent and satisfactory man-

ner and alleges she had a reasonable and objective expectancy that her teaching contract would be renewed for the 1971–1972 school year and thereafter. Moreover, that because of plaintiff's successful completion of three years of teaching with the Los Alamos Schools and because of the Board's written and unwritten policies and practices, the plaintiff possessed a legitimate claim of entitlement to job tenure and, in the alternative, plaintiff possessed de facto tenure.

Plaintiff further alleges that the Board's decision to terminate her employment was made at a special meeting of the Board on May 18, 1971, which was reconvened into an alleged open meeting which was in fact procedurally defective and in violation of § 5–6–17, N.M.S.A., 1953, and the Los Alamos Schools Regulations. The plaintiff also alleges that because of procedural defects, the defendants' decision to terminate the plaintiff constituted an unlawful exercise of administrative power and "was in violation of Section 5–6–7 [sic], N.M.S.A., 1953 Comp.," and in violation of the regulations of the Los Alamos Schools.

It is further alleged that the Board failed and refused to comply with the State Board of Education Regulations concerning the termination of teachers for unsatisfactory work performance, and that the Board's actions violated the Los Alamos Schools' policy on supervision and correction. Plaintiff also alleges that the non-renewal of plaintiff's employment was founded on plaintiff's expression of opinion on subjects of public interest relating to the Los Alamos school system, and the termination of employment and refusal to reemploy for such reason constitutes a deprivation of plaintiff's right to freedom of speech protected by the United States and New Mexico Constitutions. Plaintiff further alleges that each and all of the wrongful and illegal acts on the part of the Board and defendant Carroll were done under color of statute, regulation, custom or usage of the State of New Mexico. Plaintiff claims that the Board's action to terminate and refusal to reemploy her was unreasonable, arbitrary and capricious and in violation of the objective expectancy of reemployment possessed by the plaintiff. By reason of the foregoing, plaintiff alleges she suffered certain damages and seeks injunctive relief.

Thereafter, defendants Board, board members and its superintendent filed motions to dismiss on grounds that the complaint failed to state a claim for which relief may be granted, that the matter was res judicata because of a previous suit, and that an action pursuant to 42 U.S.C. § 1983 cannot be brought against other than individuals. After hearing oral arguments on the motion to dismiss, the trial court dismissed the action on the grounds that it raised matters which are res judicata, having been settled between the parties by final order in cause No. 44376, Santa Fe County District Court. In its order, the trial court stated, as further reasons for dismissal, that it failed to state a claim upon which relief can be granted, and on the grounds that the complaint, insofar as it sounded in tort against a political subdivision of the State of New Mexico or persons acting in their official capacity as members of the local school board or as superintendent of schools, was barred by the doctrine of sovereign immunity. This appeal followed.

Plaintiff contends (1) that the holding in cause No. 44376, Santa Fe County District Court, which was a dismissal without prejudice of a suit involving identical parties and issues, did not make this matter res judicata; (2) that the plaintiff did not fail to state a claim upon which relief can be granted; (3) that this matter is not barred by the doctrine of sovereign immunity; and (4) that the trial court erred in ruling that the defendant school board was not a person within the language of 42 U.S.C. § 1983.

Perhaps to place the trial court's judgment in proper perspective, it should be pointed out that prior to the instant cause being filed in Los Alamos County District

Court, the same plaintiff had filed a complaint seeking a mandatory injunction and money damages in the District Court of Santa Fe County in cause No. 44376. The Santa Fe County action alleged some but not all of the theories of recovery and relief alleged in the instant case. That cause was heard by District Judge Edwin L. Felter and he dismissed the complaint without prejudice. The same order of dismissal by Judge Felter contained the following language:

> "At the election of the Plaintiff, she shall have 20 days from the date of this Order to file an Amended Complaint in this cause."

In addition, Judge Felter's decision in the Santa Fe County case was based on his holding that the plaintiff was not a tenure teacher, that her claim of entitlement to employment is

> "merely a unilateral expectation, and therefore, the Complaint filed herein fails to state a cause of action * * *."

■ We first need to consider the effect of Judge Felter's decision in the Santa Fe County District Court case dismissing the action "without prejudice" and which also gave plaintiff an election to file an amended complaint within twenty days. No action to amend the complaint was taken, nor was there an appeal taken from the ruling of dismissal. Accordingly, that ruling stands and is binding upon the parties.

In *Chavez v. Myers,* 11 N.M. 333, 68 P. 917 (1902), we ruled that a party to an action who does not appeal is presumed to be satisfied with the judgment rendered by the court below. See also *Laura v. Christian,* 88 N.M. 127, 537 P.2d 1389 (1975). The plaintiff, not having taken advantage of the election afforded her to amend her complaint, is bound by the judgment entered against her in the Santa Fe County District Court action. See *Meeker v. Walker,* 80 N.M. 280, 454 P.2d 762 (1969); *Board v. Cross,* 12 N.M. 72, 73 P. 615 (1903).

It also appears to us that the first action filed by plaintiff in the Santa Fe County District Court case determined the "right" of the plaintiff to pursue her action based upon her claim of being wrongfully deprived of her "right" to continued employment in the Los Alamos School system. That was decided by the Santa Fe County District Court as a matter of law based upon the facts deemed admitted as contained in the complaint filed in that cause. The Santa Fe County District Court in its order dismissing the action ruled as follows:

> "That the Complaint herein be dismissed on the grounds that the right of a teacher to future employment or the claim of entitlement to employment is governed by the tenure laws of New Mexico and, therefore, unless a teacher has an existing contract that is unexpired; or one that is automatically renewed by failure to give notice; or if the teacher is a tenure teacher, there is no right to future employment under the laws of the State of New Mexico, and any claim of entitlement to employment by the Plaintiff herein is merely a unilateral expectation, and therefore, the Complaint filed herein fails to state a cause of action, and it is hereby Ordered dismissed without prejudice."

In this case filed in the Los Alamos County District Court we have no new "right" alleged that is different from that alleged in the Santa Fe County action. Nothing new is alleged in the new complaint which could not have been stated in the former complaint. In *Board v. Cross,* supra, we quoted from Judge Brewer's opinion in *Patterson v. Wold,* 33 F. 791 (D.Minn.1888), as follows (12 N.M. at 78, 73 P. at 617):

> " 'It is true, the basis of complainant's primary right is, as alleged, different in one case from that in the other; but this is mere difference, in the language of the Supreme Court, "in the grounds of recovery." The mere fact that different

testimony would be necessary to sustain the different allegations in the two bills, does not of itself, necessarily make two distinct causes of action . . . In both of such actions plaintiffs' primary right . . . would be the same; the only difference being in the grounds of recovery. All the grounds of recovery, all the basis of plaintiff's title, must be presented in the first action, or they are lost to him forever.' "

We feel that the dismissal of the suit filed in the Santa Fe County District Court became final and binding when no amended pleadings were filed in the time given, and no appeal was taken from that court's ruling. The ruling of the lower court in the instant cause, based upon all of the foregoing, is correct and should be affirmed.

In view of our disposition, we deem it unnecessary to discuss the other issues argued by the parties. The ruling of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.